(No. 25200.—

The People of the State of Illinois, Defendant in Error, *vs.* Jesse C. Bader, Plaintiff in Error.

*Opinion filed October 10, 1939—Rehearing denied Dec. 6, 1939.*

Wm. Scott Stewart, for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

On August 26, 1938, Richard Fleming, an eight-year-old boy, a pedestrian, then crossing Washington boulevard at its intersection with Ridgeland avenue in the village of Oak Park, was struck and instantly killed by an automobile which the defendant was then driving. An indictment charging defendant Bader with manslaughter based upon these facts was returned in the criminal court of Cook county. Thereafter, on trial before the court and without a jury, the defendant was found guilty, judgment on that finding was entered against him and he was sentenced to

the penitentiary for an indeterminate term of one to fourteen years. This writ of error seeks a reversal of that judgment.

To secure such a reversal two principal contentions are made: First, that the finding does not prove the defendant guilty beyond a reasonable doubt and, second, that a jury is an indispensable part of a court in the trial of a criminal case, upon which it is urged that our holding to the contrary in *People* v. *Fisher*, 340 Ill. 250, was wrong and should be overruled.

The evidence is so clear and convincing that we will not state it in detail. An examination of the record shows that eight witnesses for the People testified that the defendant drove through a red light at the intersection where the boy was killed and these witnesses all estimated the speed of his car at from forty to fifty miles an hour. Some of these witnesses identified the defendant as the driver and they all agreed that the driver neither slackened his speed nor appeared to make any effort to stop at the time in question. Two of these witnesses testified that they pursued the fleeing car for several blocks, but lost it in traffic. It was further proved that the car which had caused the accident and which was owned by the defendant, was found by the police two or three days later in a garage near his home, with the radiator grill dented and partially bashed in and still showing traces of blood and hair.

The defendant testified in his own behalf that he was returning to Chicago at the time of the accident, which was late in the afternoon, but still daylight, and that he and his housekeeper had made a round trip from Chicago to St. Louis that day. He testified he did not remember having gone through a red light and that if he struck any one he did not know it and was not traveling at an excessive rate of speed at the time and place in question. However, several of the witnesses for the People identified him as the driver of the car and his own testimony showed that

he had traveled that particular boulevard at about the time of the accident.

We will not reverse a conviction on a question of fact unless, upon the entire record, we feel there is a grave and substantial doubt as to the guilt of the defendant, nor will we, under such circumstances as are disclosed by this record, attempt to substitute our judgment for that of the trial court or jury which heard the evidence and saw the witnesses. (*People* v. *Fortino,* 356 Ill. 415; *People* v. *Bolger,* 359 id. 58; *People* v. *Mangano,* 356 id. 178.) The record in this case fully sustains the findings of the trial court.

As to defendant's second contention,—*i. e.,* that a jury is an essential part of a court in the trial of a criminal case and that it cannot be waived by defendant, we have only to say that we held to the contrary in *People* v. *Fisher, supra;* that all of the arguments now urged were considered and decided in that case and that we adhere to what we then held.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*