(No. 39001.—

The People of the State of Illinois, Defendant in Error, *vs.* Harold Delafosse, Plaintiff in Error.

*Opinion filed January 19, 1967.*

328

Ward, J., took no part.

James H. Alesia and John C. Boylan, both of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and James Zagel, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

Defendant, Harold Delafosse, and one Albert Miller were convicted of armed robbery by a jury in the criminal court of Cook County and sentenced to a term of ten to fifteen years in the penitentiary. On this appeal, Delafosse contends (1) that the indictment was defective; (2) that the trial court erred in failing to order the State to deliver certain police records subpoenaed by defendant; (3) that certain prejudicial evidence tending to show defendant guilty of another crime and arguments to the jury relative thereto were improperly admitted; and (4) that the court erred in denying his pretrial motion for the production of transcripts of earlier trials for the same offense.

Defendant was arrested on September 18, 1962, and an indictment was returned charging him with the armed robbery of Billy Wilbourn. Two trials resulted in mistrials, and the present case is the third trial.

Billy Wilbourn, the victim of the robbery, was working at a Clark gas station in Chicago during the evening of

September 17 and the early morning hours of September 18. At about midnight, he had counted the amount of money which he had on hand to make change. Wilbourn testified that at about two o'clock in the morning, defendant and a passenger, Albert Miller, drove a 1958 blue Chevrolet into the gas station. While pumping the gas, Wilbourn noticed three or four scratches on the gas tank cover and also noticed that the car had two city stickers, 1961 and 1962, and a United Airlines sticker. Defendant then drove the car away but returned shortly thereafter, whereupon Miller got out and pulled a gun on Wilbourn. They took $21 in bills and backed Wilbourn into a washroom and closed the door. Wilbourn heard coins being removed from the shelf where he had stacked $30 in change.

At about four o'clock that morning, a special officer for the Illinois Institute of Technology noticed a car pulling into a school parking lot. He approached the car, and two men jumped out and ran. He apprehended them and took them back to the car which was a 1958 blue Chevrolet with two city stickers, 1961 and 1962, and a United Airlines sticker on the windshield. Chicago police were then called and arrived on the scene shortly thereafter.

The police took defendant and Miller to the gas station where Wilbourn identified them as the men who had robbed him. Miller had twenty-one $1 bills and defendant had approximately $30 in change. The next day, Wilbourn came to the police station and identified the car as the one having been driven by defendant.

Both Miller and defendant contend that they were in custody at the 48th Street police station at the time of the alleged robbery.

Defendant's initial contention is that the indictment was defective in that it did not inform him of the nature and cause of the accusation against him; that it did not inform him of the statutory provision alleged to have been violated; and that it did not state the time and place of the offense

with sufficient certainty. The indictment in this case charged that the defendant and his co-defendant, Albert L. Miller, on the 18th day of September, 1962, at and within the County of Cook, "committed the offense of robbery, in that they, by the use of force, and while armed with a dangerous weapon, took $50.00 in United States Currency from the person and presence of Billy Wilbourn contrary to the statute, and against the peace and dignity of the same people of the State of Illinois". In our opinion this indictment was sufficient to charge the crime of armed robbery, and the lack of specification of the statutory provision alleged to have been violated and the lack of explicit designation of the time and place of the offense did not render the indictment fatally defective. *People* v. *Blanchett,* 33 Ill.2d 527; *People* v. *Reed,* 33 Ill.2d 535; *People* v. *Sullivan,* 29 Ill. App. 2d 479; *People* v. *Crosson,* 30 Ill. App. 2d 57.

Defendant also contends that the trial court committed error in not ordering the State to deliver certain police records and other documents subpoenaed by defendant prior to trial. The subpoena *duces tecum* in question was issued by the clerk of the court at the request of the defendant on October 22, 1962, and was directed to the superintendent of police for the production at the trial on October 23, 1962, of "all records prepared by, and in the possession of the Chicago Police Department or any of its members which refer to or relate to the robbery of a Clark gasoline station located at 55th Street and Normal Avenue, in Chicago, which allegedly occurred on September 17, 1963, or September 18, 1963, including original or copies of memoranda prepared at any police station of the Chicago Police Department relating to said robbery; also, all records or memoranda mentioning Harold Delafosse and/or Albert L. Miller prepared on or after September 17, 1963; also, a copy of any messages read over the police radio relating to said robbery." The police department apparently did not produce the documents requested on October 23, when the

matter came on for trial, although it is undisputed that during the trial defendant was given access to all prior statements of the State's witnesses which he requested as required under the *Moses* and *Wolff* decisions. (*People* v. *Moses,* 11 Ill.2d 84; *People* v. *Wolff,* 19 Ill.2d 318.) Defendant contends, however, that he was deprived of the pretrial discovery of documents which might have proved important to his defense.

In our opinion, defendant's contention cannot be sustained for the reason that no issue was ever made in the trial court of the police department's apparent failure to produce the documents on October 23. Defendant made no attempt to enforce the subpoena, and consequently, there is no ruling of the trial court on the matter which is now subject to review.

Approximately six weeks prior to the trial in this case, the attorney for defendants Delafosse and Miller filed a petition for the production of transcripts of the two prior trials for the same offense which had resulted in mistrials, setting forth the indigency of the defendants and alleging that the testimony of witnesses called on behalf of the State was in conflict between the first and second trials and that it was necessary for a proper defense to obtain the transcript. This petition was denied. When the case came on for trial the third time, counsel pointed out to the court that a previous motion for a copy of the transcript of the prior trials had been denied by the court but that it had just come to counsel's attention that the State had in its possession a stenographic transcript of defendants' testimony and requested that he be permitted to examine the transcript. Over the prosecutor's objection counsel was permitted to examine the transcript of the defendants' testimony.

During the course of the trial on cross-examination of the main prosecution witness, counsel for the defendants brought out that the witness had testified at the previous trial. Attempts to impeach the witness were unavailing be-

cause counsel for the defendants was unable to prove the prior testimony of the witness since he did not have a complete transcript of the testimony at the prior trials. Defendant Delafosse contends that the denial of his petition for a transcript of the prior trials constituted a violation of the equal-protection and due-process clauses of the Federal constitution. We have previously considered this issue in the identical factual context in *People v. Miller,* 35 Ill.2d 615. After a full analysis of the facts and the applicable rulings of the Supreme Court of the United States and our own rulings, we held that under the particular facts involved there the court erred in denying the motion requesting a complete transcript of the evidence at the former trials and that this denial deprived the defendant of the equal protection of the laws and the same fair trial that a defendant with funds would have obtained. The same holding is required here and the cause must be reversed and remanded for a new trial.

Other errors which might occur upon a new trial were also raised in *People v. Miller,* 35 Ill.2d 615, and the views expressed in that opinion are controlling here.

The judgment of the criminal court of Cook County is reversed and the cause remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.