**People of the State of Illinois, Plaintiff-Appellee, v. Hammitt Hampton, Defendant-Appellant.**

**Gen. No. 52,399.**

First District, Second Division.

January 28, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard Trais, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The defendant was charged with the crime of Attempt Theft from the person. He appeals from a judgment on a verdict wherein he was sentenced to the penitentiary for a term of not less than three years and not more than three years and one day.

The indictment charged defendant with the offense of attempt but failed to cite the statutory section allegedly violated as required by Ill Rev Stats 1967, c 38, § 111–3 (a). Instead, the indictment cited the statutory section for Theft (16–1). Defendant objected to this statutory violation in a pretrial motion to dismiss and preserved it

with a motion in arrest of judgment. Both of these motions were overruled.

■ Defendant urges that the failure of the court to order the defect of the indictment remedied or to dismiss the indictment constitutes reversible error. The defendant calls attention to the requirement of section 111–3 (a) (2) of the Code of Criminal Procedure that a charge shall be in writing and allege the commission of an offense by citing the statutory provision alleged to have been violated. We conclude that the failure to cite the correct provision of the statute is not an error which vitiates the indictment. The indictment clearly charged the offense of Attempt Theft. We are of the opinion that the indictment is not vulnerable to a motion to dismiss or to a motion in arrest of judgment, nor subject to attack upon the charge that it is void. The incorrect citation of the statute is a formal defect. Under section 111–5 an indictment may be amended on motion by the State's Attorney or the defendant at any time because of formal defects. The amendment of the indictment to include a reference to section 8–4 of the Criminal Code could have been done but was not requested. The defendant was fully informed of the charge and he has no solid ground to complain. People v. Delafosse, 36 Ill 2d 327, 330, 223 NE2d 125; People v. Blanchett, 33 Ill 2d 527, 212 NE2d 97; People v. Hill, 68 Ill App2d 369, 375–76, 216 NE2d 212; People v. Petropoulos, 59 Ill App2d 298, 208 NE2d 323, affd 34 Ill2d 179, 214 NE2d 765.

As his second point the defendant maintains that the court's refusal to admit the defendant's drawing of the scene was error. The People's case consisted of the testimony of two Chicago Transit Authority police officers. Officer William Pishotta testified that while boarding the front door of a CTA subway car at State and Jackson at approximately 11:30 p. m., October 23, 1966, he felt a hand on his wallet in his left rear pocket, whereupon he

seized the hand and turning, announced his office and arrested the defendant. His partner, Officer Zito, testified that at this time he entered the rear door of the same car and immediately heard Officer Pishotta speak. Zito testified that he looked towards the front of the train and saw the defendant with his hand under the left side of Officer Pishotta's coat. Zito further testified that he knew the defendant from several past contacts and had arrested him at least once.

The defendant testified that three days before the alleged incident he had met Officer Zito at a station stop. He said that Zito frisked him and threatened to arrest him at that time. The defendant further testified that Zito told him the next time he saw the defendant in the subway he was going to jail. Defendant stated that on the night in question he ran to catch the train and when he boarded the train Officers Zito and Pishotta were sitting on either side of the door. Officer Zito asked the defendant what he was doing on the train and the defendant said he was going home. Defendant testified that he got off at the Monroe Station, where Officer Zito arrested and handcuffed him and subsequently took him to the station. The defendant denied ever putting his hand in Officer Pishotta's pocket.

The defendant, who made a drawing of the car in which the alleged incident took place, testified that it was a fair and accurate representation of what he saw on October 23, 1966. The introduction of the drawing by the defendant was objected to on the ground that there was not a proper foundation, that it was a self-serving document, that it presented a conclusion of the witness and that it did not accurately portray the condition of the car. The defendant points out that the drawing was not being introduced as a piece of substantive evidence offered for the truth of the contents but as an illustration of the defendant's testimony. The parties agree that the admissibility of a drawing of this nature is a matter

within the discretion of the trial judge who may accept or reject it. Department of Public Works and Buildings v. Chicago Title & Trust Co., 408 Ill 41, 52, 95 NE2d 903; Smith v. Ohio Oil Co., 10 Ill App2d 67, 134 NE2d 526. It is doubtful that the drawing would aid the jury in deciding the case. The trial judge pointed out that the motorman was placed on the wrong side of the car, thus rendering a distorted view; certain marks and writings on the drawing were not self-explanatory and tended to confuse the picture and the objects in the drawing were depicted out of their natural proportion, thus yielding a very faulty perspective for the viewer. The record reveals that one of the principal factual issues in the case was whether Officers Pishotta and Zito were seated in the car when defendant entered or whether they all entered the car at the Jackson and State station. There was no conflict in the witnesses' descriptions of the scene. We find that the trial judge did not abuse his discretion in refusing to admit the drawing.

For these reasons the judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and McCORMICK, J., concur.