People of the State of Illinois, Plaintiff-Appellee,
v. Cornelius Adams, Defendant-Appellant.

Gen. No. 52,972.

First District, Second Division.

July 29, 1969.

277

Earl E. Strayhorn, R. Eugene Pincham, Charles B. Evins, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The defendant was indicted on four counts. Count I charged the offense of involuntary manslaughter on April 12, 1966, in that defendant, acting in a reckless manner, killed Samuel Carter with an automobile; Count II alleged that on the same date defendant committed the offense of leaving the scene of an accident; Count III charged that the defendant on the same date committed the offense of driving a motor vehicle without a license; and Count IV charged defendant with having committed the offense of reckless driving on the same date.

The case was tried before a jury which returned a verdict finding defendant guilty as charged in the indictment. At the conclusion of the trial defendant's motion to dismiss Count IV of the indictment was allowed. He had made a pretrial motion to dismiss Counts I and IV of the indictment, which motion was denied.

The defendant was sentenced to the House of Correction for one year on Counts II and III, and to five years' probation on Count I, upon condition that he serve the first year of the sentence in the House of Correction. The sentences were to run concurrently.

The first of three eyewitnesses for the State was Templie Murphy, who testified that she was on the southwest corner of 111th Street and Racine Avenue on the evening in question and saw the deceased step off the curb. At the same time she heard tires squeaking and saw a car speeding north on Racine. As the victim tried to step back from the car he was struck and knocked

into the air. The driver did not stop, but continued driving to 110th Street where he made a right turn. The witness stated that there are stop signs posted for Racine Avenue. She further testified that in her opinion the car which struck the deceased was traveling at about 70 miles an hour.

Lucious Harris testified that he was standing by his car at a gas station at 111th and Racine at the time of the accident; that when he heard the sound of screeching wheels he looked up and saw a red 1965 Plymouth traveling north on Racine. He stated that while he did not particularly notice the deceased he did see the car "strike an object" at the intersection, and that the object went up in the air and fell on the side of the car near the windshield, then rolled into the street. The witness followed the Plymouth to 110th Street where the defendant made a right turn, parked and cut off his lights, then lay down in the car. He stated that the defendant was wearing a cap and a leather jacket. The witness made a note of the license number, then returned to the scene of the accident with the police and went with Officer Wheeler to look for defendant's car. The defendant had been apprehended by other police officers and Harris identified him as the driver of the red Plymouth. Harris further testified that at the time of the impact the defendant was driving his car at about 65 or 70 miles an hour; that he applied his brakes and was then driving at 55 or 60 miles an hour when he struck the deceased.

Inell Dimwiddie's testimony was substantially the same as that of the other two State witnesses. She said she saw a speeding car strike an object which went up in the air; that she believed the car was traveling between 75 to 80 miles an hour.

Officer Wheeler testified that he had gone with Harris to look for defendant's car and had then gone to 109th and Racine where defendant had been apprehended. The defendant's car was identified by Harris as the one which

struck the victim. There were scratches and dents near the headlights of the car and the windshield was broken.

Officer Branche, who arrested the defendant, said that when he saw him at 109th and Throop the defendant was running south.

The defendant testified on his own behalf and admitted driving without a valid license. He stated that he was driving at about 25 to 30 miles per hour as he approached 111th Street on Racine; that he did not see the stop sign, and that he saw the victim too late to avoid striking him. He stated that he had applied his brakes midway between 111th Street and 112th, and that his wheels did not squeak or screech. He stated that after the impact he turned west on 109th and Racine, parked his car, walked across the street and saw a police car approaching. He explained his failure to stop after the accident by saying that he panicked.

The defendant appealed from the judgment of the trial court and argues that Count I should be dismissed because it is too vague and does not state a crime. Defendant also argues that Count II did not allege a crime, and that the charged offenses arose out of the same transaction or series of transactions, and therefore, separate sentences should not have been imposed on the different counts. The defendant finally argues that the evidence is not sufficient to sustain a verdict of guilty.

OPINION.

1. Was Count I sufficient to inform the defendant of the nature of the accusation against him? That count alleged that:

> Cornelius Adams on April 12, 1966, committed the offense of involuntary manslaughter, in that he, acting in a reckless manner, killed Samuel Carter, with an automobile, without lawful justification, in violation of chapter 38, section 9–3(b) of Illinois Revised Statutes of 1963.

Section 9–3 provides:

(a) A person who kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful or unlawful which cause the death are such as are likely to cause death or great bodily harm to some individual, and he performs them recklessly.

(b) If the acts which cause the death consist of the driving of a motor vehicle, the person may be prosecuted for reckless homicide or if he is prosecuted for involuntary manslaughter, he may be found guilty of the included offense of reckless homicide.

■ It is the rule in this State that an indictment is sufficient if it is drawn in the language of the statute. However, we must note that the courts of the State have made a distinction between common law crimes and purely statutory offenses. In People v. Garman, 411 Ill 279, 103 NE2d 636, the court, in distinguishing between the offense of reckless homicide and involuntary manslaughter, said at page 284:

"To charge manslaughter it was necessary to allege, . . . merely that plaintiff in error did unlawfully and *feloniously* kill and slay Bernard Bowers while defendant was in the performance of an unlawful act. . . . Involuntary manslaughter is a common-law crime, . . . . It is sufficient to allege a common-law crime in the language of the statute, . . . ."

The case principally relied on by the defendant is People v. Potter, 5 Ill2d 365, 125 NE2d 510; however, in that case the charge was reckless homicide and not manslaughter, and is not applicable here. The other cases cited by defendant are also inapplicable.

■ We must call attention to the fact that c 38, § 111–6, of Ill Rev Stats 1963, provides that if the in-

281

dictment fails to specify the particulars of the offense sufficiently the court may, on written motion of defendant, require the State's Attorney to furnish the defendant with a bill of particulars supplying whatever omissions there may have been in the indictment, in order to provide the defendant with the material necessary for the preparation of his defense. No such motion was made by the defendant in the instant case. The indictment was sufficient and the court properly refused to dismiss it.

■ 2. The defendant argues that Count II of the indictment does not allege a crime. That count stated:

> Cornelius Adams, on April 12, 1966, committed the offense of leaving the scene of an accident—in that he, unlawfully and knowingly drove a motor vehicle, to-wit: an automobile upon the public streets and highway, to-wit: on Racine Avenue at and near the intersection of said Racine Avenue with 111th Street, in the City of Chicago, County of Cook and State of Illinois, and while driving said automobile, he was involved in an accident resulting in injury to and death of one, Samuel Carter, and that is to say, further, that said Cornelius Adams failed to stop said vehicle at the scene of said accident, or as close thereto as possible, and then and there failed to return forthwith and remain at the scene of said accident, until he had reported said accident, his name and address and the registration number of the vehicle he was driving to said Samuel Carter, or to a police station or Sheriff's office near the place where the said accident occurred in violation of chapter 95½, section 133(36) of the Illinois Revised Statutes 1965.

Chapter 95½, § 133(36)(a), Ill Rev Stats 1965, provides:

> The driver of any vehicle involved in an accident resulting in injury to or death of any person shall

immediately stop such vehicle at the scene of such accident, or as close thereto as possible and shall then forthwith return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of Section 38 [Section 135 of this chapter]. Every such stop shall be made without obstructing traffic more than is necessary.

Chapter 95½, § 133(36)(b), Ill Rev Stats 1965, provides that a person who fails to stop or comply with requirements shall, within 48 hours after the accident, make a report with reference to the accident at a police station or sheriff's office. Violation of section 133(36)(a) is punishable as a misdemeanor and violation of Section 133 (36)(b) is a felony.

The defendant argues that since the indictment used the general section heading (36) instead of specifying whether subsection (a) or (b) was deemed violated, the indictment was insufficient under c 38, § 111-3(a) of Ill Rev Stats 1963, which provides that a charge shall be in writing and allege the commission of an offense by citing the statutory provision alleged to have been violated.

In People v. Hampton, 105 Ill App2d 228, 245 NE2d 47, the defendant was charged in the indictment with attempt, and the indictment erroneously cited the section of the statute for theft. The argument was made that the indictment was void. The court held that the failure to cite the correct provision of the statute is not an error which vitiates the indictment; it is merely a formal defect, and under section 111-5 of the Code of Criminal Procedure an indictment may be amended on motion by the State's Attorney or the defendant at any time because of formal defects. The court pointed out that the indictment clearly charged the crime and that the citation of the incorrect statute consequently was merely a formal defect.

In People v. Bridges, 67 Ill App2d 236, 214 NE2d 539, the court stated at page 241:

"The requirement in the Code of Criminal Procedure of 1963 that the charge shall cite 'the statutory provision alleged to have been violated' (section 111–3(a)(2)) must be distinguished from the requirement in the Code that the charge shall set forth 'the nature and elements of the offense charged' (section 111–3(a)(3)). The former is not listed among the ten grounds for dismissing an indictment, information or complaint (section 114–1(a) of the Code) and it is not a ground for arresting judgment (section 116–2(b)); whereas the latter is a ground for dismissal (section 114–1(a)(8)) and is also a ground for arrest of judgment (section 116–2(b)(1)). Failure to cite a particular statutory provision cannot be equalized with failure to state the nature and elements of the offense charged. The latter is on a higher level and parallels the constitutional requirement that an accused shall have the right 'to demand the nature and cause of the accusation.' "

See People v. Hill, 68 Ill App2d 369, 216 NE2d 212.

Failure to properly cite the statutory provision does not void the indictment. The court had jurisdiction in the instant case to try the defendant on the charge in Count II of the indictment.

■ 3. The defendant argues that the charged offenses arose out of the same transaction or series of transactions, and therefore, separate sentences should not have been imposed on the different counts. Defendant argues that under the interpretation contained in the Committee Comments to § 1–7(m) of c 38, Ill Rev Stats 1965, subsection (m) by negative implication codifies the holding in People v. Schlenger, 13 Ill2d 63, 147 NE2d 316. In that case the court held that if the offenses resulted from the same conduct the defendant may not be sen-

284

tenced on both, either concurrently or consecutively. In the instant case each act was separate. Chapter 38, § 2–4, Ill Rev Stats 1965 provides that "conduct" means an act or a series of acts, and the accompanying mental state. In the case before us the only common element connecting the offenses charged is the operation of a motor vehicle.

In People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299, the defendant was charged in a 2-count indictment with forcible rape and incest, and was sentenced on both counts. On appeal the Supreme Court reversed as to the incest count, holding that only one sentence should have been imposed and that for the greater offense. The court cited People v. Stingley, 414 Ill 398, 111 NE2d 548, a case involving a 2-count indictment which charged in one count an assault with intent to rape, and in another, an assault with intent to murder. Both were based on a single series of acts committed on the same person at the same time and place.

In People v. Ritchie, 66 Ill App2d 302, 213 NE2d 651, cited by defendant, the court held that the offenses of rape and burglary with intent to commit rape were included in the same conduct and hence prohibited multiple sentences. In People v. Raby, 40 Ill2d 392, 240 NE2d 595, the Supreme Court pointed out that the offenses charged in the case, of disorderly conduct and resisting arrest, were separate offenses, and called attention to the fact that in those Supreme Court cases which reversed convictions arising from the same conduct as had been the subject of another conviction, the conduct had been based on single acts.

In People v. Mundorf, 97 Ill App2d 130, 239 NE2d 690, the defendant was sentenced to two consecutive 120-day terms at Vandalia State Farm for driving while under the influence of alcohol and operating a motor vehicle after suspension of a license. On petition for rehearing defendant argued that the offenses arose from the same

act, but the court refused to so hold and said at page 137:

> "We hold that the two offenses in the case at bar —driving while under the influence of intoxicating liquor and operating a motor vehicle after suspension of license—do not arise out of the same conduct. The common denominator is not the act of driving a motor vehicle. That act, considered alone, is not unlawful. To render that act unlawful, the concurrence of intoxication in the one instance, and the licensing act violation in the other, are required. The resultant offenses, therefore, arise from separate and unrelated acts of misconduct."

In the case before us the multiple sentences imposed by the court were proper.

4. Defendant argues that the evidence introduced by the State was not sufficient to support a conviction of involuntary manslaughter under Count I of the indictment. The evidence is that the defendant drove an automobile at a rate of speed between 55 and 80 miles per hour on a street with a 30-mile per hour speed limit; that he failed to stop at the stop sign posted at 111th and Racine; that he failed to yield the right-of-way to a pedestrian in a crosswalk, and struck and killed that pedestrian; that he then left the scene of the accident without stopping.

In Ill Rev Stats 1965, c 95½, § 171(c) it is provided:

> Whenever stop signs or flashing red signals are in place at an intersection or at a plainly marked crosswalk between intersections, pedestrians shall have the right-of-way over drivers of vehicles as set forth in Section 70, paragraph (d), of this Act.

People v. Bader, 372 Ill 345, 23 NE2d 691 was a case where defendant drove through an intersection between

40 and 50 miles an hour, failed to observe a stop light and struck and killed an eight-year-old boy, then fled the scene of the accident. His conviction in the trial court was affirmed. We must also consider the rule many times quoted and applied, that the judgment of the trier of fact on the evidence will not be upset. In People v. Allen, 368 Ill 368, 14 NE2d 397, the court stated at page 388:

> "It is the province of the jury to determine, from a consideration of all the evidence, under correct instructions, whether defendant is guilty of culpable or criminal negligence which was the proximate cause of the resultant death. . . . It is true, as defendant points out, that there are certain inconsistencies in the testimony of several witnesses for the People. The discrepancies are not, however, of such a character as to impair the effect of their testimony in essential particulars, and to justify its rejection. The law has committed to the jury the determination of the credibility of the witnesses and the weight to be accorded to their testimony."

In the instant case the evidence in the record was sufficient to prove the defendant guilty beyond a reasonable doubt.

██ ██ In the State's brief it is pointed out that the defendant in his theory of the case raises the issue of prejudicial evidence concerning the condition of the victim at the scene of the accident. However, the defendant has failed to argue or brief the point, and points not argued or briefed are waived. People ex rel. v. Olympic Hotel Bldg. Corp., 405 Ill 440, 91 NE2d 597; People v. 123 Punch Boards, 8 Ill2d 520, 134 NE2d 763. Furthermore, where the issue is the question of the speed at which defendant was driving a car, it has been held that it is relevant to permit testimony concerning the condi-

tion of the victim in order to show the force of impact and the speed of the automobile. People v. Everist, 52 Ill App2d 73, 201 NE2d 655.

We find no error in the record, and the judgment of the Circuit Court is affirmed.

Affirmed.

LYONS, P. J. and BURKE, J., concur.