(No. 41714.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
LAFAYETTE HUBBARD, Appellant.

*Opinion filed November 17, 1970.*

WARD, J., took no part.

EDWARD M. GENSON, SAM ADAM, and SANTO J. VOLPE, all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and GEORGE PAPPAS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Lafayette Hubbard, pleaded guilty to an indictment which charged: "* * * on the 1st day of December, 1962, at and within said county [Cook], La-Fayette Hubbard committed the offense of Robbery, in that he, by the use of force, and by threatening the imminent use of force, took $21 in United States currency, a button and an automobile from the person and presence of Luther Hudson, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois." His plea was accepted, and he was sentenced to imprisonment for not less than one nor more than six years. Thereafter he filed a post-conviction petition which was dismissed upon motion by the circuit court of Cook County, and he now appeals from that judgment of dismissal.

In this court he contends that an evidentiary hearing was required because his post-conviction petition alleged that on December 1, 1962, the date specified in the indictment as the date of the offense, he was in the custody of police officials of the city of LaGrange during the entire day. But even if there had been an error in the indictment, and upon a trial the proof had established that the offense was committed on a date other than the precise date alleged, that irregularity would not have constituted a fatal variance. (*People* v. *Schmidt*, 10 Ill.2d 221; *People* v. *Rohde*, 403 Ill. 41.) Such an irregularity, if it existed, was waived by the defendant's plea of guilty. *People* v. *Dennis* (1966), 34 Ill.2d 219.

The defendant also contends that the indictment to which he pleaded guilty was void because it did not set out the section of the Criminal Code alleged to have been violated. There is however no constitutional requirement that the statute alleged to have been violated be cited or set out in an indictment, and, as we held in *People* v. *Delafosse*, 36 Ill.2d 327, "the lack of specification of the statutory provision alleged to have been violated * * * did not render the indictment fatally defective." 36 Ill.2d at 330.

Since the petition failed to state a violation of any constitutional provision, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.