(No. 42551.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ASTER TURNER, JR., Appellant.

*Opinion filed November 17, 1970.*

Ward, J., took no part.

H. Preston Cummings, of Chicago, appointed by the court, for appellant.

Willima J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Crebs delivered the opinion of the court:

A jury in the circuit court of Cook County found Aster Turner, Jr., guilty of murder, and he was sentenced to the penitentiary for a term of 199 years. On appeal his conviction was affirmed. (*People* v. *Turner,* 82 Ill. App. 2d 10.) Thereafter, he filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1963, ch. 38, par. 122—1 *et seq.*) which was dismissed on motion of the People. Defendant now appeals from this order dismissing his petition.

It is first argued that the indictment under which he was tried failed to cite the statutory provision alleged to have been violated. Defendant was indicted on July 14, 1961, and

convicted on September 7, 1961. At that time there was no requirement that the statutory provision alleged to have been violated be cited. (See Ill. Rev. Stat. 1961, ch. 38, par. 716.) It was not until January 1, 1964, when the Code of Criminal Procedure became effective, that there was a statutory requirement that the indictment cite the statutory provision alleged to have been violated. (See Ill. Rev. Stat. 1963, ch. 38, par. 111—3.) Failure to cite the statutory provision alleged to have been violated did not, therefore, violate section 111—3 of the Code of Criminal Procedure as alleged by defendant, and it did not deprive him of any constitutional right. *People* v. *Hubbard,* 46 Ill.2d 563; *People* v. *Delafosse,* 36 Ill.2d 327, 330.

Defendant also complains that the confessions of his two co-defendants which were admitted in evidence were involuntary confessions. The basis of this claim is that the co-defendants were not given the *Miranda* warnings. *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, was decided in 1966 about 5 years after defendant was convicted and the guidelines of *Miranda* are applicable only to those cases in which trial began after June 13, 1966. (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772; *People* v. *Latimer,* 35 Ill.2d 178.) Furthermore, defendant cannot complain of the failure to give *Miranda* warnings to a co-defendant. *People* v. *Denham,* 41 Ill.2d 1.

It is next argued that defendant was denied a fair trial when the prosecutor displayed the murder weapon, and by improper comments of the prosecutor and the court. The appellate court dealt with these issues in its opinion affirming defendant's conviction (see 82 Ill. App. 2d 10), and they are now *res judicata. People* v. *Arnold,* 45 Ill.2d 113.

Defendant also argues that the prosecution should have made some kind of a test to determine whether a small hole in the roof of a convertible automobile was a bullet hole. This point was not raised in the post-conviction petition and

it may not be raised now. *People* v. *Eldredge,* 41 Ill.2d 520.

The judgment of the circuit court of Cook County dismissing the petition is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.