(No. 43648.—)

THE PEOPLE *ex rel.* ANTHONY M. GOZNELLI, Appel-
lant, v. ELZA BRANTLEY, Warden, Appellee.

*Opinion filed September 30, 1971.—Rehearing denied Nov. 24,1971.*

ANTHONY M. GOZNELLI, *pro se,* appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, (THOMAS J. IMMEL and FRED G. LEACH,
Assistant Attorneys General, of counsel,) for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the
opinion of the court:

This is an appeal from the judgment of the Randolph
County circuit court, which dismissed the petition of
Anthony M. Goznelli for a writ of *habeas corpus.* Relator
is imprisoned pursuant to a 1970 forgery conviction in
Champaign County, and here argues that the indictment to
which he pleaded guilty was void, and hence the court was
without jurisdiction to sentence him. While the State
contends that, except in cases of extradition and child

custody, this court should disclaim jurisdiction in *habeas corpus* appeals, that issue was resolved to the contrary by *People v. Lawrence, 48 Ill.2d 368, 369.*

Relator's sole contention is that the indictment to which he pleaded guilty was void, due to its failure to comply with section 111—3(a) of the Code of Criminal Procedure, which provides that: "A charge shall be in writing and allege the commission of an offense by: *** (2) Citing the statutory provision alleged to have been violated ***." (Ill.Rev.Stat. 1969, ch. 38, par. 111—3 (a)(2).) The indictment did not contain such citation. Accordingly we must determine whether the failure to cite the statutory provision rendered the indictment void, thereby depriving the trial court of jurisdiction in the cause.

Prior to adoption of our new Code of Criminal Procedure, there was no requirement that an indictment cite the statutory provision allegedly violated. We have therefore consistently upheld pre-Code indictments against the contention that failure to specify the statute rendered the indictment void. *(People v. Turner, 47 Ill.2d 7; People v. Hubbard, 46 Ill.2d 563; People ex rel. Totten v. Frye, 39 Ill.2d 549; People v. Delafosse, 36 Ill.2d 327; People v. Schneider, 345 Ill. 410.)* In our judgment, this conclusion is still valid, notwithstanding the fact that the omission of the statutory provision is now in derogation of the statutory "Form of Charge". (Ill.Rev.Stat. 1969, ch.38, par. 111-3.)

The Code of Criminal Procedure now sets forth the various available grounds for a motion to dismiss an indictment (Ill.Rev.Stat. 1969, ch. 38, par. 114—1), and a motion in arrest of judgment. (Ill.Rev.Stat. 1969, ch. 38, par. 116—2.) Neither section specifies failure of the indictment to cite the statutory provision allegedly violated, as being a ground for relief. Each section does provide relief where the court is without jurisdiction, or

the indictment does not charge an offense, but, of course, not every defect in an indictment will result in a failure to charge an offense or defeat the court's jurisdiction. Thus, section 111—5 of the Code of Criminal Procedure provides that an indictment which charges an offense in accordance with section 111—3 shall not be dismissed on the basis of any formal defect, including several defects stated therein, but may instead be corrected at any time by amendment. (Ill.Rev.Stat. 1969, ch. 38, par. 111—5.) While the complete failure to comply with section 111—3(a) (2) regarding citation of the statutory provision is, by the terms of section 111—5, not such a formal defect as may be amended at any time under the terms of that provision, this fact does not preclude the conclusion that a failure to comply with section 111—3(a)(2) constitutes merely a formal, nonjurisdictional defect. This result is borne out by an examination of *People v. Blanchett, 33 Ill.2d 527,* where the defendant sought relief by arrest of judgment based upon the information's alleged failure to state "the time and place of the offense as definitely as can be done," as then required by section 111—3 (a) (4). (Ill.Rev.Stat. 1963, ch. 38, par. 111—3(a)(4).) While this requirement had, concededly, not been met in *Blanchett,* we there concluded that the statutory provisions relating to failure to charge or state an offense refer only to a noncompliance with the statutory "Form of Charge" requirement that the charge allege "the nature and elements of the offense." (See Ill.Rev.Stat. 1969, ch. 38, par. 111—3 (a)(3).) We accordingly held that the information was sufficient to charge an offense, although the defendant would have been entitled to a bill of particulars to obtain compliance with the requirement of section 111—3(a)(4). The same conclusion applies here; failure of an indictment to comply with section 111—3(a)(2) by citing the statute violated, is merely a formal, nonjurisdictional defect.

The indictment sufficed to confer jurisdiction upon

the circuit court of Champaign County, and accordingly the judgment of the Randolph County circuit court denying the petition for a writ of *habeas corpus* will be affirmed.

*Judgment affirmed.*