THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* NATHANIEL ROBINSON, Defendant-Appellee.

(No. 11882;

Fourth District—October 17, 1972.

Lawrence E. Johnson, State's Attorney, of Urbana, (James R. Burgess, Jr., Assistant State's Attorney, of counsel,) for the People.

No appearance for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The State appeals an order of the circuit court of Champaign County dismissing a count of an indictment.

The dismissed count so far as here relevant charges the defendant with the illegal sale of narcotic drugs in that he did knowingly agree, consent, or offer to sell certain narcotic drugs to a named person and then did sell a non-narcotic substance or material in violation of Ill. Rev. Stat. 1969, ch. 38, par. 22—3.

Paragraph 22—3 of chapter 38, Ill. Rev. Stat. 1969, declares that it is unlawful for any person to sell, possess, administer, or dispense or compound any narcotic drug and further provides that no person may unlawfully use narcotic drugs. Paragraph 22—40, chapter 38, Ill. Rev. Stat. 1969, provides that whoever agrees, consents or in any manner offers to unlawfully sell any narcotic drug and then sells, dispenses, or gives any non-narcotic liquid substance or material shall be guilty of an offense as therein defined.

■■ In *People v. Calcaterra*, 33 Ill.2d 541, 213 N.E.2d 270, it was held that par. 22—40 was reasonably related to illicit traffic in narcotics and that such provision did not violate constitutional requirements with reference to vagueness and uncertainty. (See also *People v. Trigg*, 97 Ill.App. 2d 261, 240 N.E.2d 130.) The offense under par. 22—40 is a separate and distinct offense from the crime of selling or possessing or dispensing a narcotic drug. *People v. Lott*, 24 Ill.2d 188, 181 N.E.2d 112.

It thus appears that the count of the indictment here under considera-

tion described an offense in the language of par. 22—40 and that the error in the indictment is the erroneous reference to par. 22—3 of ch. 38. ■■ Paragraph 111—3, ch. 38, Ill. Rev. Stat. 1969, with reference to form, requires that a charge shall be in writing and allege the commission of an offense by stating the name of the offense and citing the statutory provision alleged to have been violated. An indictment or information otherwise valid that is defective in that it does not cite the statutory provision alleged to have been violated is not thereby rendered void. (*People v. Adams*, 113 Ill.App.2d 276, 252 N.E.2d 65.) Such omission while error does not vitiate the indictment. *People v. Hampton*, 105 Ill. App.2d 228, 245 N.E.2d 47; see also *People v. Garner*, 109 Ill.App.2d 81, 248 N.E.2d 313.

■■ The indictment here under review stated an offense within the purview of par. 22—40 and it was error to dismiss the indictment. Accordingly, the judgment of the circuit court of Champaign County is reversed and this cause is remanded to that court for further proceedings in accordance with the views herein expressed.

Reversed and remanded with directions.

SMITH and SIMKINS, JJ., concur.