*In re* INTEREST OF GARY DARWIN LONGLEY, a Minor—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY DARWIN LONGLEY, Defendant-Appellant.)

(No. 57859; ▮▮▮▮▮▮▮▮)

First District (1st Division)—December 10, 1973.

406

Kenneth L. Gillis, Deputy Defender, of Chicago (Kenneth L. Jones, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James Veldman and·Sol Rajfer, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

On February 2, 1972, a petition for adjudication of Wardship· was filed in the Circuit Court of Cook County alleging that respondent, Gary Darwin Longley, a minor, had committed the offense of Unlawful· Use of Weapons. Specifically the petition alleged that respondent "know-

ingly carried on or about his person a pistol, Meltor .25 caliber automatic pistol serial 259178-265494, in violation of Chapter 38, Section 24—124 [sic], Illinois Revised Statutes." On March 2, 1972, at the conclusion of a hearing conducted concerning the petition, respondent was adjudged to be a delinquent. He appeals.

When this case was called for hearing on March 1, 1972, the Assistant State's Attorney informed the trial judge that the People were ready to proceed and that the petition alleged a violation of Unlawful Use of Weapons, "Chapter 38, Section 24—1—4." Respondent's counsel stated that he was "ready for trial" and requested that the trial judge hear the respondent's motion to suppress.

At the hearing on the motion to suppress, Officer Warren Rylko of the Chicago Police Department was called as a witness by respondent. Officer Rylko testified that on February 1, 1972, he and his partner, Officer Earl Rosen, were investigating an armed robbery that occurred at a drugstore located at 1501 Jarvis, Chicago, Illinois. The robbery at the drugstore occurred at approximately 2:00 P.M. and the Officers were looking for a suspect described as "male white, fair complected, in his middle teens, five-eight to five-ten in height, of medium build, wearing an army fatigue jacket" and armed with an automatic weapon. Officer Rylko stated that at 2:15 P.M. on February 1, 1972, he and his partner observed respondent standing on a corner near a bus stop at approximately 7560 North Hermitage Avenue, Chicago, Illinois. This location was approximately four blocks from where the armed robbery of the drugstore had occurred a short time prior thereto. Respondent Gary Longley was at the time wearing an army fatigue jacket, blue jeans, was fair complected and appeared to be in his middle teens. Officer Rylko testified that respondent resembled the suspect and respondent gave "vague" answers to some of Officer Rylko's questions. Officer Rylko further testified that he noticed a lump in the upper right portion of respondent's jacket, "shaped like an automatic, L-shaped effect," and therefore he and Officer Rosen conducted a "patdown" search for the protection of himself, his partner and their fellow citizens on the street. A blue automatic pistol was recovered from respondent's upper right coat pocket. Officer Rylko subsequently identified People's Exhibit Number 1, a "blue steel automatic pistol, .25 caliber" as being the weapon he recovered from respondent.

Officer Earl Rosen of the Chicago Police Department was called as a witness by respondent. Officer Rosen substantially corroborated the testimony of Officer Rylko.

Respondent testified in his own behalf that on February 1, 1972, he was standing on a corner near Howard Street when a squad car pulled

up. The officers exited their car and Officer Rosen put a gun to respondent's head. The officers then searched respondent and found the weapon in question, a .25 caliber pistol.

At the conclusion of the testimony concerning respondent's motion to suppress, the trial judge denied respondent's motion. Respondent's counsel then stipulated that the testimony adduced during the course of the hearing on the motion to suppress would be the same as the testimony at trial. After having heard the arguments of counsel, the trial court adjudged respondent to be a delinquent.

Respondent contends that the petition for adjudication of Wardship failed to allege a violation of law. The petition for adjudication of Wardship filed in the Circuit Court of Cook County on February 2, 1972, states in relevant part as follows:

"In that Gary Darwin Longley has on, or about 1 Feb. 72 at Cook County, Illinois, committed the offense of Unlawful Use of Weapons in that he, knowingly carried on or about his person a pistol; Meltor .25 Cal. automatic pistol serial 259178-265494, in violation of Chapter 38, Section 24—124 [sic], Illinois Revised Statutes."

Respondent contends that the failure of the People to specify the correct section, namely Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a) 4, is reversible error. Both parties to this appeal are in agreement that the allegations in the petition for adjudication of Wardship must meet the requirements of an indictment.

■■ We are of the opinion that the incorrect citation in the petition is a formal defect and cannot be considered reversible error. Ill. Rev. Stat. 1971, ch. 38, par. 111—5; *People v. Hampton*, 105 Ill.App.2d 228, 245 N.E.2d 47.

Respondent also contends that the petition advised him that he has violated an "non-existent statute" ("Chapter 38, Section 24—124 [sic]") and there was no way to prepare a defense to such a charge.

We are of the opinion that respondent was apprised with reasonable certainty of the offense with which he was being charged. The petition specifically stated that the respondent was being charged with "Unlawful Use of Weapons," and there was a full description of the pistol and the date of the offense. Moreover, on March 1, 1972, at the hearing on respondent's motion to suppress, the Assistant State's Attorney indicated the statute upon which the People were proceeding. In the presence of respondent's counsel, the Assistant State's Attorney stated to the court: "Your Honor, this is a petition alleging Unlawful Use of Weapon; Chapter 38, Section 24—1—4. The State is ready for trial." Respondent's counsel stated: "The defendant [respondent] is ready for trial at this

time \* \* \*." The preceding colloquy indicates that there was adequate notice of the charge being adjudicated with full acceptance and understanding by respondent's counsel before the trial commenced.

We are of the opinion that the respondent was fully informed of the charge and he has no solid ground upon which to complain. *People v. Hampton*, 105 Ill.App.2d 228, 245 N.E.2d 47. See also *People v. Delafosse*, 36 Ill.2d 327, 223 N.E.2d 125; *People v. Blanchett*, 33 Ill.2d 527, 212 N.E.2d 97; *People v. Hill*, 68 Ill.App.2d 369, 216 N.E.2d 212; *People v. Petropoulos*, 59 Ill.App.2d 298, 208 N.E.2d 323, *aff'd*, 34 Ill.2d 179, 214 N.E.2d 765.

Respondent contends that "assuming that the State meant to charge Respondent with a violation of Ch. 38, Sec. 24—1, that Section called Unlawful Use of Weapons, the charge is still inadequate." Respondent argues that the only part of this statute which could conceivably fit the factual situation of this case is section 24—1(a)(4) which states:

"(a)  A person commits the offense of unlawful use of weapons when he knowingly:

(4)  Carries concealed  \* \* \*  on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm;  \* \* \*."

Respondent contends that because the allegation of concealment was not made in the petition, the petition was ineffective.

■■  The petition which was filed in the Circuit Court of Cook County recited in relevant part that "Gary Longley knowingly carried on or about his person a pistol." We are of the opinion that it is not an absolute requirement for this statute to use the word "concealed" because the phrase "On or about his person" refers to carrying a weapon readily available for use. *People v. Hunt*, 272 Ill.App.496.

In addition, the offense of "Unlawful Use of Weapons" can now, contrary to respondent's contention, be proved by chapter 38, paragraph 24—1(a)(10) (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 24—1(a)(10)) which provides:

"(a)  A person commits the offense of unlawful use of weapons when he knowingly:

Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

We believe that it is significant to observe that chapter 38, paragraph 24—1(a)(10) requires no allegation of "concealment."

■■  Moreover, it is not necessary that a petition contain all the language of the statute on the subject. It is sufficient if it states the offense

in the terms and language of the statute creating the offense or states the offense in language sufficiently explicit that the defendant may know the nature of the charge against him. *People v. Love,* 310 Ill. 558, 142 N.E. 204.

In the present case the petition adequately advised respondent of the nature of the charge against him. Therefore respondent's contention is without merit.

Respondent contends that the trial court erred in denying respondent's motion to suppress the firearm introduced against him at the adjudication for Wardship. Respondent maintains that the standard to be applied in determining the propriety of the search is: "Would the facts available to the officers at the moment of the seizure or the search warrant a man of reasonable caution in the belief that the action taken was appropriate?"

■■ In *Terry v. Ohio,* 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868, the Supreme Court enunciated the rule that if a police officer has reasonable grounds to believe an individual is armed and dangerous, it is permissible for him to conduct a limited search for weapons if that action would help to protect the officer and others around him from any threat of harm. The "stop and frisk" rule enunciated by the Supreme Court in *Terry* is designed to protect a police officer where he has reason to believe that he is dealing with an armed and dangerous person, regardless of whether the officer has probable cause to arrest the individual for a crime. (*Dykes v. Camp,* 333 F. Supp. 923 (E.D. Mo.).) Moreover, Illinois Revised Statutes, chapter 38, paragraph 108-1.01 (Ill. Rev. Stat. 1971, ch. 38, par. 108—1.01) provides:

> "When a peace officer has stopped a person for temporary questioning * * * and reasonably suspects that he or another is in danger of attack, he may search the person for weapons * * *."

In the present case, Officer Rylko testified that while on duty on February 1, 1972, at 2:15 P.M. he and his partner Officer Rosen were looking for an armed robber. The suspect was described as being "male white, fair complected, middle teens, 5 feet 8 inches to 5 feet 10 inches, medium build, wearing an army fatigue jacket" and armed with an automatic weapon. Respondent Longley who matched the description of the suspect was observed 15 minutes after the armed robbery by both officers at 7560 North Hermitage Avenue, Chicago, Illinois. This location was approximately four blocks from the scene of the armed robbery. The officers proceeded to exit their vehicle and Officer Rylko spoke to the respondent. Officer Rylko stated that after respondent gave vague answers to some questions and after he noticed a lump in the upper

right corner of respondent's clothing, "shaped like an automatic, L-shaped effect," he and officer Rosen conducted a "patdown" search of respondent for the protection of himself, his partner and their fellow citizens on the street. As a result of this patdown search, a blue automatic pistol was recovered from respondent's upper right coat pocket. ██ Viewing the totality of circumstances, we are of the opinion that officers Rylko and Rosen had reasonable ground to believe that they were dealing with an armed and dangerous person and therefore justified in conducting the limited "patdown" search of respondent. Therefore, the trial judge was correct in denying respondent's motion to suppress.

Respondent contends that he did not have a fair hearing. He alleges that the judge who presided at his hearing was not attentive, patient and impartial as requested by Supreme Court Rule 61(c)(5) (Ill. Rev. Stat. 1971, ch. 110A, par. 61(c)(5)) and the judge exhibited a lack of judicial temperament.

With respect to this contention, we have reviewed the entire report of proceedings. It is clear from the report of proceedings that respondent's counsel was genuinely motivated to act in a manner which he deemed to be in the best interest of the respondent. During the course of the hearing some strong differences of opinion were expressed by respondent's counsel and the trial judge. An examination of the report of proceedings satisfies us that the exchange between counsel and the court did not deprive respondent of a fair trial.

For these reasons the judgment is affirmed.

Judgment affirmed.

GOLDBERG and HALLETT, JJ., concur.