THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT GEE, Defendant-Appellant.

(No. 12152;

Fourth District—April 25, 1974.

*Rehearing denied May 23, 1974.*

Markowitz, Lawrence, Lenz, Jennings and Naylor, of Bloomington (Harold M. Jennings, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (John A. Beyer, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from a conviction in a bench trial of the misdemeanor offense of leaving the scene of an accident involving personal injuries in violation of section 11—401(a) of the Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, sec. 11—401(a)) and from a sentence imposed of 9 months' incarceration in the State Penal Farm.

At approximately 1:30 A.M. in Bloomington, Illinois, on August 22, 1971, defendant, Robert Gee, was involved in a hit-and-run incident which resulted in serious personal injuries to Mike Sholty when the latter fell from the bicycle he was riding and was struck by defendant's automobile. Sholty was pinned under the automobile and was dragged down

the street for some distance. The police shortly thereafter found the victim lying in a pool of blood off the side of the road. A criminal complaint was then sworn out by the State's Attorney charging defendant with leaving the scene of an accident involving personal injuries in violation of section 11—401(a). Defendant was apprehended at approximately 1 P.M. on August 22, 1971, and his car was impounded. Defendant was arraigned on the criminal complaint in case no. 71-9436 on August 23, 1971. Defendant entered a plea of not guilty to the charge and was released on bond.

On July 22, 1972, defendant was arraigned in case no. 72-CM-335 based on an indictment captioned 'leaving the scene of an accident' and containing the following language:

"* * * [defendant on August 22, 1971] did willfully, unlawfully, and knowingly fail to report to the Bloomington Police Station or to the McLean County Sheriff's Office his name, address, the registration number of the vehicle he was driving, the names of the occupants if any, and the place, date, and approximate time of an accident in which he was involved; Robert Gee having been the driver of a vehicle involved in an accident at Madison and Monroe Streets in Bloomington, Illinois, which accident resulted in injury to Michael Ray Sholty, and Mr. Gee failed to immediately stop his vehicle at the scene of the accident or as close thereto as possible and failed to return to the accident scene and failed to render to Mr. Sholty reasonable assistance and further failed to leave his name, address and registration number of his vehicle as required by Section 11—403 of Chapter 95½ Illinois Revised Statutes. By leaving the scene of the accident and failing to report it within 48 hours to the nearest Police Station or Sheriff's Office, Mr. Gee was in violation of Section 11—401(b) Chapter 95½ Illinois Revised Statutes 1969."

Defendant pleaded not guilty to the charge. On July 19, 1972, defendant moved to dismiss the indictment because defendant was subjected to a previous complaint on the same charge. The trial court denied the motion. On September 19, 1972, defendant was found guilty of the misdemeanor of leaving the scene of an accident involving personal injuries in violation of section 11—401(a) and not guilty of the felony of failing to report an accident involving personal injuries within 48 hours as required by section 11—401(b). On October 13, 1972, the State's Attorney moved to *nolle prosequi* the criminal complaint in case No. 71-9436, and the court granted said motion.

On appeal defendant raises three issues: (1) Whether 11—401(a) is a lesser included offense under 11—401(b), (2) Whether the indictment

sufficiently charges a violation of 11—401(a), and (3) Whether the *nolle prosequi* of the criminal complaint after the conviction of the identical offense invalidated the conviction.

██ Defendant contends that 11—401(a) is not a lesser included offense under 11—401(b). We agree. Section 11—401(a) of the Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, sec. 11—401(a)) states that "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident, or as close thereto as possible and shall then forthwith return to, and in every event shall remain at, the scene of the accident until he has fulfilled the requirements of Section 11—403 [detailing the duty to give information and render aid]  *  *  *." Section 11—401(b) of the Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, sec. 11—401(b)) states that "Any person who has failed to stop or to comply with said requirements shall, within 48 hours after such accident  *  *  *  report the place of accident, the date, the approximate time, his name, address, the registration number of the vehicle driven, and the names of the occupants, if any, of such vehicle, at a police station or sheriff's office near the place where such accident occurred  *  *  *." Section 2—9 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 2—9) states that an included offense means an offense which

> "(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged  *  *  *."

It is clear from a reading of 11—401(a) and 11—401(b) that they are offenses which are established by proof of different facts, and an individual could violate (a) and not violate (b) and vice versa. Furthermore, the First District case of *People v. Harvey,* 5 Ill.App.3d 499, 285 N.E.2d 179, contains language implying that section 11—401(a) is not a lesser included offense of section 11—401(b), although that court did not so hold:

> "Defendant's contention  *  *  *  that the imposition of multiple sentences was error since all the offenses arose from the same conduct is untenable. *The single common factor among them is that they all relate to the defendant's having operated a motor vehicle.* (See *People v. Adams* (1969), 113 Ill.App.2d 276, 252 N.E.2d 65.) The offense of driving while license revoked was a continuing offense. The offense of leaving the scene of an accident could not be committed until all of the acts upon which the charge of involuntary manslaughter rests were complete. Similarly, the offense of failure to report an accident was not complete until

48 hours following the occurrence." (Emphasis added.) 5 Ill. App.3d 499, 507, 285 N.E.2d 179.

Likewise, in the present case the only common conduct between the offenses is that they relate to defendants' operation of a motor vehicle. Section (a) is, therefore, not a lesser included offense of section (b).

It is not clear from the record whether the trial judge thought (a) to be a lesser included offense of (b) or not. Nothing was stated in that regard throughout the trial, and the trial judge did specifically find defendant guilty of one section and not guilty of the other. However, the lesser included offense contention was argued to the court by the State in their closing argument. Nevertheless, even if the court erred in that regard, the critical issue is whether the indictment sufficiently charged a 11—401 (a) offense so as to vitiate the error and adequately inform defendant of the charges against him.

■■ The captioned portion of the indictment expressly states "leaving the scene of an accident." The charging portion of the indictment refers to the incident in question, names the defendant and the victim, and quotes almost directly from the statutory language of 11—401(a) in stating that defendant "* * * failed to immediately stop his vehicle at the scene of the accident or as close thereto as possible and failed to return to the accident scene and failed to render Mr. Sholty reasonable assistance and further failed to leave his name, address and registration number of his vehicle as required by Section 11—403 of Chapter 95½ * * *." The only element omitted is that section 11—403(a) was not cited. In *People v. Robinson,* 7 Ill.App.3d 704, 706, 288 N.E.2d 484, this court stated:

"Paragraph 111—3, ch. 38, Ill. Rev. Stat. 1969, with reference to form, requires that a charge shall be in writing and allege the commission of an offense by stating the name of the offense and citing the statutory provision alleged to have been violated. An indictment or information otherwise valid that is defective in that it does not cite the statutory provision alleged to have been violated is not thereby rendered void. * * * Such omission while error does not vitiate the indictment." (Citations omitted.)

Hence, the fact that 11—401 and not 11—401(a) is cited in the indictment does not render void an otherwise sufficient indictment which properly charges defendant with an 11—401(a) violation. Furthermore, the fact that the same count of the indictment also alleges an 11—401(b) violation does not void the indictment. In *People v. Barrett,* 405 Ill. 188, 90 N.E.2d 94, it was held that separate offenses arising out of the same transaction may be charged in the same count of an indictment.

Defendant finally contends that the *nolle prosequi* of the criminal com-

plaint in case no. 71—9436 voided defendant's conviction because defendant was convicted of the identical offense he was charged with in the criminal complaint. We see no merit to this argument. The charge that was *nolle prosequi* was a separate and independent charge from that which defendant was convicted upon. Secondly, this was merely an administrative action to clear the books in regard to defendant. Thirdly, it is obvious that the doctrine of double jeopardy would preclude the State from any further proceedings in regard to the identical misdemeanor complaint in case no. 71—9436.

For the reasons stated above the judgment of the trial court finding defendant guilty of violating section 11—401(a) is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.