THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM MALONE, Defendant-Appellant.

(No. 12453;

Fourth District—August 15, 1974.

John F. McNichols, J. Daniel Stewart, and Daniel D. Yuhas, all of State Appellate Defender's Office, of Springfield, for appellant.

Robert L. Welch, State's Attorney, of Virginia, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction upon a negotiated plea to possession of a controlled substance in violation of section 402(b) of the Controlled

Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(b)). A sentence of 1 to 2 years was imposed.

The only issue remaining upon appeal following oral argument is the sufficiency of the indictment alleging "possession [of] less than 200 grams of a substance containing a derivative of barbituric acid   *  *  *."

It is primarily contended that the indictment failed to specify the controlled substance, secobarbital, and that such omission could make defendant subject to a subsequent prosecution for the same acts.

■■ In *People v. Jones*, 53 Ill.2d 460, 464, 292 N.E.2d 361, the court said:

> "The liberalization of criminal pleading also reflects a lessening in importance of the indictment's secondary functions. The indictment as a means of informing defendants of particulars concerning the case is now far overshadowed by the array of discovery procedures available to the defense. Similarly, the time when an indictment defined the limits of jeopardy has passed and a prior prosecution on the same facts may be proved by resort to the record."

■■ We find that the record includes the proceedings at a preliminary hearing wherein the date, time and place, together with persons present or having knowledge of the offense, are set out in detail. At such hearing secobarbital was identified as the substance. Such record establishes a bar to subsequent prosecution for the same offense.

■■ A plea of guilty waives any irregularity in an indictment which is not jurisdictional. *People v. Hubbard*, 46 Ill.2d 563, 264 N.E.2d 144.

■■ In the absence of a genuine issue that defendant was unable to prepare a defense, or that he was subject to a subsequent prosecution for the same acts, the conviction and sentence must be affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.