(No. 29401.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES CASSIDY, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing petition stricken September 12, 1946.*

CHARLES CASSIDY, *pro se.*

GEORGE F. BARRETT, Attorney General, and SAMUEL J. NAYLOR, State's Attorney, of Carthage, for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Charles Cassidy, and another, were indicted in the circuit court of Hancock county for the crime of robbery. The indictment contained seven counts. Plaintiff in error pleaded not guilty, and was tried by a jury and convicted. The State elected to prosecute upon the third count of the indictment, and dismissed all of the others.

The sole claim of plaintiff in error for reversal is that the indictment is not sufficient to uphold a conviction of robbery. The statute defines robbery as follows: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation." Ill. Rev. Stat. 1945, chap. 38, par. 501.

The third count of the indictment charged that Charles Blankenship and Charles Cassidy on March 8, 1941, "willfully, unlawfully, feloniously and violently did take money from the person of Vernon Tipton by intimidation." The indictment contained every element contained in the statute. The assault is charged to have been done feloniously and violently. It describes money as taken, in the language of the statute. The person of another, *viz.*, Vernon Tipton, is described, and the taking is said to have been done by intimidation.

We have held that the gist of the crime of robbery is the force or intimidation. (*People* v. *Carpenter*, 315 Ill. 87;' *People* v. *Stathas*, 356 Ill. 313; *People* v. *Guinto*, 374 Ill. 404.) Intent is not part of the description of the crime. (*People* v. *Johnson*, 343 Ill. 273; *People* v. *Emerling*, 341 Ill. 424; *People* v. *Cohen*, 366 Ill. 190.) And likewise we have held that the value of the property taken from another by force or intimidation is immaterial, since the gist of the crime lies in the force or intimadation. (*People* v. *Carpenter*, 315 Ill. 87; *People* v. *Fiereto*, 303 Ill. 186.) By all of these tests the indictment was sufficient.

Plaintiff in error calls our attention, however, to language used in *People* v. *Goldberg*, 302 Ill. 559, and *People* v. *Kubish*, 357 Ill. 531. In both of these cases the conviction of robbery was affirmed. In the *Goldberg case* the comment is made that the taking must be against the will of the person from whom the property is taken. This statement was necessary and proper because the defense in that case was that the defendant had taken the property from

the alleged victims with their consent, with the joint intent to defraud an insurance company. Of course, if the property is taken from another by consent the element of intimidation does not appear. In the *Kubish case* the only point involved was whether taking property from a safe in the presence of the victim, by force or intimidation, constituted robbery. It was held the conviction under such circumstances was properly within the statute.

The statute defines what constitutes the proper form of an indictment as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury." (Ill. Rev. Stat. 1945, chap. 38, par. 716.) Comparing the charge in the indictment against plaintiff in error with the statute we observe that the taking is "Willfully, unlawfully, feloniously and violently," which characterizes the intimidation mentioned in the statute. This indictment contains every element of robbery under the statute. In *People* v. *Taylor*, 391 Ill. 11, we held an indictment charging a crime in substantially the words of the statute is sufficient when defendant is apprised, with reasonable certainty, of the precise offense with which he is charged.

There is no doubt the defendant was fully advised as to the crime with which he was charged; he was tried before a jury; he made no objection to the form of the indictment, and necessarily, under the provision of the Criminal Code, (par. 719) as well as the construction given it by this court, he has waived the right to question the indictment upon writ of error.

The judgment of the circuit court of Hancock county is affirmed.

*Judgment affirmed.*