(No. 35219.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. CHARLES COX, Plaintiff in Error.

*Opinion filed November 28, 1960.*

Scott Hodes, and William G. Seils, both of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and William L. Carlin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

The defendant, Charles Cox, was indicted on a charge of larceny from the person, found guilty and sentenced. The case is before us on writ of error.

The defendant's contentions are that the indictment was defective; that the evidence does not sustain a conviction beyond all reasonable doubt, and that prejudicial testimony was admitted warranting a reversal.

The facts are that one David H. Fochtman, an investigator for the Courts Services Division of the Cook County Department of Welfare, encountered the defendant in an area on the near north side of Chicago known as Bughouse Square. Cox was destitute and asked Fochtman for money. Cox testified that he received $4 and a little later $15 from Fochtman, whereas Fochtman testified that he gave Cox

only $1 for carfare. The two men went to a nearby tavern and drank a bottle of beer. After quitting the tavern, Fochtman testified that Cox asked to see his wallet containing a star and when Fochtman produced the wallet, Cox seized it, removed $19 and the star, then ran away. Cox testified that Fochtman gave him the $15 to buy his silence after suggesting an unnatural sex act.

Defendant's argument that the indictment is defective, in that it fails to describe properly the property which was the subject of the larceny, cannot be sustained. There was no motion to quash filed in the trial court, and as technical objections to an indictment must be made before trial, under section 9 of division XI of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 719), they are waived by failure to move to quash or otherwise assail the sufficiency of the indictment before trial and verdict. *People* v. *Pond,* 390 Ill. 237; *People* v. *Pamilio,* 359 Ill. 609.

The defendant next contends that the evidence of the People is improbable. We cannot agree from a careful reading of the entire transcript. The trial judge had the opportunity to determine the credibility of the witnesses and the weight to be accorded their testimony. (*People* v. *West,* 15 Ill.2d 171.) Unquestionably there was a conflict in the evidence at the trial as to whether defendant was guilty, but we have frequently stated that a conviction will not be reversed simply because only the complaining witness testifies to the commission of the crime and he is contradicted by the accused. (*People* v. *Greenberg,* 302 Ill. 566.) This court will reverse a conviction on the evidence only when it is able to state, from a careful consideration of the whole testimony, that there is clearly a reasonable and well-founded doubt of the guilt of the accused.

The counsel for defendant urges that reversible error was committed in the introduction of prejudicial testimony that defendant had previously committed offenses and was

confined in the county jail. Upon objection, where rulings were secured, much of this testimony was stricken. There was no jury and there was no motion that mistrial be declared because of alleged prejudice. We feel that the conduct of the trial court assured the defendant a fair trial. It is not our function as a court to reverse for any error in the record, but rather to insure a fair trial and to determine that the conviction is based on evidence establishing guilt beyond a reasonable doubt. (*People* v. *Keagle,* 7 Ill.2d 408.) No attempt was made to prove a prior conviction and it was not an integral part of the offense charged. Defendant's confinement was further injected in the record when the defendant himself was asked by his own attorney whether he had seen the complaining witness in the county jail.

No effort was made by the People to show that the defendant had previously been in jail; rather the assistant State's Attorney cautioned the complaining witness not to make any references to such fact. Nevertheless, defendant's counsel asked many questions of Fochtman about the defendant's having been in jail.

The defendant also alleges error in that the complaining witness was permitted to testify that he had made complaint to police officers immediately after the larceny. There was no objection to this testimony, and on cross-examination of the complaining witness the defendant's counsel himself asked several questions along the same line. From the record as a whole, we find no prejudicial error in the admission of evidence.

For the reasons stated the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*