**The People of the State of Illinois, Plaintiff-Appellee, v. Albert Jackson, Defendant-Appellant.**

**Gen. No. 49,990.**

First District, Third Division.

January 6, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

277

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Albert J. Armonda, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Albert Jackson was charged in a two-count indictment with robbery and with theft from the person of property valued at less than $150. At his nonjury trial the evidence disclosed that he had snatched a purse from the hands of its owner and that the purse and its contents were worth less than $150. He was found not guilty of robbery but guilty of theft from the person and was sentenced to the penitentiary for a term of three to nine years.

The defendant contends that he was improperly sentenced. His argument is that the present criminal code does not establish the offense of theft from the person; that his punishment, therefore, should have been determined by the value of the stolen property; and that a penalty longer than one year and a sentence to the penitentiary are incorrect.

The defendant was indicted, tried and convicted under section 16–1 of the Criminal Code of 1961 which in relevant part is as follows:

"Theft.

A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner . . . and . . . .

(1) Intends to deprive the owner permanently of the use or benefit of the property . . . .

"Penalty.

A person first convicted of theft of property not from the person and not exceeding $150 in value

shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both. A person convicted of such theft a second or subsequent time, or after a prior conviction of any type of theft, shall be imprisoned in the penitentiary from one to 5 years. A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years." Ill Rev Stats 1963, c 38, § 16–1.

■■ The defendant is correct in his contention that this statute does not create a separate offense called "theft from the person," but he is incorrect in his contention that he was improperly sentenced.

■ ■ Section 16–1 describes the offense of theft only—and this was the precise purpose of the legislature in enacting this provision of the code. The purpose was to substitute a generic definition of theft for various statutes which particularized different kinds of larceny. Drafting Committee Comments, SHA, ch 38, sec 16. Theft from the person as a distinct crime (Ill Rev Stats 1939, ch 38, par 387; People v. Hoffman, 236 Ill App 1, (1925)) was abolished, as were other crimes such as the larceny of a motor vehicle, larceny of an animal, embezzlement, larceny of a lead pipe, larceny by bailee and the many other larcenies which were individually defined and prohibited in the code of 1874 and in its amendments and additions.

■ Section 16–1 defines the two elements necessary to constitute a theft: a proscribed act and the requisite intent or knowledge. A combination of any one of the enumerated acts and any one of the enumerated mental states describes the prohibited offense. Committee Comments, SHA, ch 38, sec 16–1. This definition is broad enough to encompass all forms of theft including purse-snatching and pocket-picking, and it does not conflict with section 1–3 of the Criminal Code of 1961 upon which

the defendant relies and it does not contravene People v. Robinson, 372 Ill 503, 24 NE2d 376 (1939), which the defendant cites. Section 1–3 provides: "No conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State." Ill Rev Stats 1963, ch 38, sec 1–3. The Robinson case states: "It is necessary that a statute creating an offense . . . be so sufficiently specific as to show the prohibition intended and the punishment to be imposed upon the violator of the act."

The legislature did not, as the defendant argues, attempt to create the crime of theft from the person in the penalty portion of section 16–1 rather than in the descriptive portion. The penalty portion merely makes distinctions between different grades of theft and provides aggravated penalties for aggravated degrees and forms of theft. Thus, one who steals more than $150 or who steals from the person of another may be imprisoned in the penitentiary; a penitentiary sentence is also provided for one convicted of repetitive thieving, while one who is convicted for the first time of theft of less than $150 is subject to imprisonment in a different institution, or to a fine, or both.

■ ■ The test to be applied to a penal statute is whether it is sufficiently definite and certain to enable all men to know what acts are proscribed and what conduct will make them liable to punishment. People v. Green, 368 Ill 242, 13 NE2d 278 (1938); People v. Gill, 30 Ill App2d 32, 173 NE2d 568 (1961). The language of section 16–1 meets this test. Theft is explicitly described and the penalties for the offense are clearly set forth.

■ The defendant further argues that the words "theft from the person" are ambiguous because under section 2–15 of the Criminal Code such a theft could be from a corporation as well as from an individual. Section 2–15 states: " 'Person' means an individual, public or

private corporation, government, partnership or unincorporated association." Ill Rev Stats 1963, ch 38, sec 2-15. We believe the meaning of the word "person" as used in the context of section 16-1 and in the indictment in the present case is unmistakable and that everyone would understand that it refers to an individual. The ambiguity the defendant sees is more the product of semantic ingenuity than valid statutory interpretation. A word must be construed in context to determine its meaning. People ex rel. Roan v. Wilson, 405 Ill 122, 90 NE2d 224 (1950); 2 Sutherland, Statutory Construction § 4703 (3rd Ed 1943). A word which appears more than once in a statute is presumed to have been used with the same meaning each time, absent an indication that a different meaning was intended. Moweaqua Coal Corp. v. Industrial Commission, 360 Ill 194, 195 NE 607 (1935). Applying this rule of construction to the provision of section 16-1 that "a person convicted of theft of property from the person . . . shall be imprisoned . . ." explicates the meaning of the word "person." Since a human being and not an artificial entity is the one capable of and threatened with imprisonment (Ill Rev Stats 1963, c 38, sub § 1-7(h), (i)) the word "person" must be restricted to meaning an individual each time it is used in that provision. Ill Rev Stats 1963, ch 38, sec 2-15.

The judgment of the Criminal Division of the Circuit Court is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.