THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICIA MORGAN, Defendant-Appellant.

Fifth District   No. 75-126

Opinion filed July 28, 1976.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Patricia Morgan, from the judgment entered by the circuit court of Jackson County on a jury verdict finding defendant guilty of theft (over $150) and a sentence of imprisonment thereunder of three to nine years. Defendant had been charged by indictment with the offense of robbery.

At trial, Hazel Fulmer testified that on April 19, 1974, around 11:30 or 11:45 a.m., she was walking along Pine Street in Murphysboro, Illinois. She carried her purse which contained about $500 cash, mostly in $20 bills, as well as uncashed checks from her church and from Social Security. Mrs. Fulmer was at the time past 70 years old. As she walked east, near a car wash and laundromat, she saw a woman in her mid-twenties slowly walk out of an alley, meet her and pass by her. Mrs. Fulmer was able to observe her face to face. She described the woman as a dark black person wearing a red pants suit and a little black hat worn at a slight angle on her head. The assailant was short, wore dark round glasses and was carrying a purse. After they had walked past each other, Mrs. Fulmer felt a yank on her right arm and her purse was taken. She turned around and saw her assailant run away and observed the same red pants suit and black hat. She positively identified defendant as the person who took her purse. She concluded that defendant must have been wearing tennis shoes or shoes with rubber soles since she had heard no noise from behind her. Mrs. Fulmer attempted to chase the assailant through the alley but quickly lost sight of her in a Kroger Supermarket parking lot. She shouted and cried during the incident.

Brian Branch testified for the State that defendant lived in a house on Walnut Street to the right of the Kroger Supermarket. An alley runs by the house and behind the house to the north, is the car wash. Pine Street runs next to the car wash and is parallel to Walnut. On April 19, 1974, Branch, who was then 17 years old, skipped school and visited defendant at her home with his friend, Tim Sherrill. They drove defendant to the Jo-Mac Jacket Factory to pick up her severance pay. On direct examination he testified that defendant originally wore a skirt but that after stopping at

the factory they returned to her apartment where she changed into shorts. Branch stated that she changed clothes three times that day. On cross-examination, however, he testified that they did not go back to the apartment after stopping at the factory and that defendant continued to wear her original clothes. Thereafter, Branch drove defendant to various places and later he proceeded to drive her to her home. As Branch turned onto Walnut Street, defendant asked to be let out. After he dropped her off, he drove to the Kroger parking lot. He saw defendant run through the back alley and go up the back stairs to her apartment, carrying a purse. He also heard someone hollering. Once inside the apartment he saw the purse on a bed and defendant was looking inside of it. There was a large amount of money in the purse and defendant gave some of it to Branch and his friend. Branch testified that defendant told him that she took a woman's purse. Branch hid the money given to him in his sock. About a half hour later Branch left. He was stopped by the police and he surrendered the money in his sock. Branch admitted that he had previously told the police two different stories. He explained that this was done in order to protect the defendant.

Sheriff Donald White testified that he questioned defendant ten days before the trial on an unrelated matter. During the interview he asked her if she had ever been in any trouble and she answered that one time she had been down an alley and she grabbed a lady's purse and had run with it because she needed the money. Sheriff White testified that at that time he did not know of the instant charge then pending.

Defendant testified in her own behalf and denied any participation in the offense charged. She explained that the statement made to Sheriff White was in reference to an incident in Mt. Vernon, Illinois, which was unrelated to the instant case.

On appeal, defendant contends that: (1) the indictment charging her with robbery is insufficient to support her conviction for theft; (2) she was not proven guilty of theft beyond a reasonable doubt; and (3) error was committed in the admission into evidence of her statement to Sheriff White.

Defendant challenges for the first time on appeal the sufficiency of the indictment charging her with robbery to support her conviction for theft. Principally relying on *People v. Yanders*, 32 Ill. App. 3d 599, 335 N.E.2d 801, defendant argues that theft cannot be a lesser included offense of robbery because theft contains the element of intent to permanently deprive the victim of property, which element is not common to the statutory definition of robbery.

The record, however, shows that it was in fact defendant who tendered the lesser included offense instructions and verdict forms on theft which were given to the jury by the trial court. Moreover, in her closing

argument to the jury, defendant urged the jury to only find her guilty of the lesser included offense of theft. This tactic succeeded. The State contends that under the circumstances defendant is estopped from arguing that theft is not a lesser included offense of robbery. We agree.

In *Yanders* the defendant was charged with the offense of robbery. At a bench trial the defendant's counsel stated that although the defendant might be guilty of theft, he was not guilty of robbery. At defense counsel's urging, the trial court found the defendant guilty of misdemeanor theft. On appeal the defendant contended that theft was not a lesser included offense of robbery and therefore the indictment was insufficient to charge him with theft. The court agreed. In answer to the State's contention that the defendant could not claim error since he invited the trial court's finding, the court stated:

> "The insufficiency of the indictment to charge the defendant with the offense of which he is convicted may be raised on appeal, however, even from a plea of guilty. (*People v. Temple*, 2 Ill. 2d 266, 118 N.E.2d 271.)" 32 Ill. App. 3d 599, 600.

*Yanders*, it should be noted, was decided prior to the Supreme Court case of *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456. In *Gilmore* the defendants attacked for the first time on appeal their indictment and information as insufficient to charge an offense or to confer jurisdiction. The court held:

> "The jurisdiction of the circuit courts in these cases was not 'conferred' by the information or indictment; jurisdiction was conferred by the provisions of section 9 of article VI of the Constitution, which provides that the circuit courts have 'original jurisdiction of all justiciable matters.' The circuit courts have jurisdiction in all cases involving offenses which fall within the ambit of section 1—5 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—5)* * *:
>
>                 \* \* \*
>
> An examination of the statutory scheme shows clearly that failure to charge an offense does not, as contended by defendants, serve to deprive the circuit court of jurisdiction." 63 Ill. 2d 23, 26-27, 344 N.E.2d 456, 458-459.

As the court in *Gilmore* noted, under the provisions of section 114—1(a)(6) and 114—1(a)(8) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, pars. 114—1(a)(6) and 114—1(a)(8)) an indictment may be dismissed on a pretrial motion on the ground that the court in which the charge was filed does not have jurisdiction and that the charge does not state an offense. In addition, under section 116—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 116—2) these same

grounds may be raised by motion in arrest of judgment even though not raised by pretrial motion. However, according to the court in *Gilmore*:

"No similar statutory provision was made for nonwaiver at the appellate level.

This court, in cases too numerous to list, has consistently held that due process requires that an indictment or information must apprise the defendant of the precise offense charged with sufficient specificity to enable him to prepare his defense and allow the pleading of the judgment as a bar to future prosecution arising out of the same conduct." (63 Ill. 2d 23, 28-29, 344 N.E.2d 456, 459-460.)

The court therefore held that an indictment or information attacked for the first time on appeal is sufficient if it meets the requirements necessary for due process. Such an indictment or information would be sufficient even if it did not precisely follow the form prescribed in section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)). After examining the records, the court found that since these due process requirements were in fact satisfied the judgments were affirmed.

■■ In the case at bar, we find that no violation of due process occurs by holding defendant estopped from raising her contention. She does not and could not argue surprise by the jury's consideration of theft as a lesser included offense to robbery. Indeed, this was precisely what defendant intended as a part of her defense. In addition, her theft conviction does stand as a bar to future prosecution arising out of the same conduct since proof thereof may be had by resort to the record. *People v. Gilmore; People v. Jones*, 53 Ill. 2d 460, 292 N.E.2d 361.

Assuming, *ad arguendo*, that error was committed, defendant is in no position to complain of the error she secured and to seek to profit from it. (*People v. Riley*, 31 Ill. 2d 490, 202 N.E.2d 531; *People v. George*, 49 Ill. 2d 372, 274 N.E.2d 26.) To hold otherwise would have the effect of encouraging defendants to introduce error into their trials in order to obtain reversals upon conviction. Consequently, we hold that defendant is estopped from contending that theft is not a lesser included offense of robbery.

■■ Defendant also contends that her guilt was not proven beyond a reasonable doubt. The record shows that Mrs. Fulmer positively identified defendant based on her face to face view of the thief just prior to the incident. This testimony was supported by that of Brian Branch. In addition, Sheriff White testified to the admission defendant made to him. We are of the opinion that there was ample evidence supporting the jury's verdict.

Defendant's next contention concerns the statement she made to Sheriff White. About ten days before the trial, the sheriff interviewed defendant apparently in connection with an unrelated incident concerning defendant's roommate. Prior to the interrogation, defendant was advised of her rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. At one point, Sheriff White asked defendant if she had ever been in trouble and she replied that "she had been down an alley and had grabbed a ladies' [*sic*] purse and had run with it because she needed the money." Defendant testified that her statement was in reference to an unrelated incident and she denied having stated the exact words to which the sheriff testified.

■■ Defendant raises no issue concerning the voluntary nature of her statement but contends that the statement was erroneously admitted into evidence because it was irrelevant. This contention is premised on the conclusion that the statement referred to an unrelated incident that occurred in Mt. Vernon, Illinois. We believe that this contention is without merit. The defendant's conclusion that the statement could only have referred to the Mt. Vernon incident is unwarranted by the facts.

Defendant also contends that it was error to have admitted the statement because her attorney was not present during the interview. No question was raised in the trial court or is raised on appeal however, concerning the defendant's voluntary waiver of her right to counsel prior to the interview. The thrust of defendant's contention appears to be that the sheriff had a duty to notify her attorney about the interview prior to questioning her. We find this contention to be wholly without merit. *People v. Merkel*, 23 Ill. App. 3d 298, 319 N.E.2d 77.

The judgment entered by the circuit court of Jackson County is affirmed.

G. J. MORAN and JONES, JJ., concur.