THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL R. RAINBOLT, Defendant-Appellant.

Fifth District   No. 76-177

Opinion filed August 19, 1977.

Michael J. Rosborough and Ann Hilbert Blandford, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of Mt. Vernon, for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant Michael R. Rainbolt was indicted for the theft of a truck, in violation of section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(a)(1)). After a jury trial in the Circuit Court of Union County, he was convicted of criminal trespass to a vehicle (Ill. Rev. Stat. 1975, ch. 38, par. 21—2), and was sentenced to serve 16 weeks of periodic imprisonment.

On appeal, defendant argues that his conviction must be reversed because the theft indictment will not support a conviction of criminal trespass to a vehicle, and he was not proved guilty beyond a reasonable doubt. Because we agree that criminal trespass to a vehicle is not a lesser included offense of theft, we reverse without reaching defendant's second argument.

Section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 2—9), in pertinent part, defines an included offense as one which "[i]s established by proof of the same or less than all of the facts or a less

culpable mental state (or both), than that which is required to establish the commission of the offense charged * * *."

■■ It has long been the law in the State that "it is unnecessary to allege a lesser included offense in an indictment charging an offense of a higher degree when, in order to convict on the higher charge, the prosecution must prove every element necessary for a conviction on the lesser charge." (*People v. Ostrand,* 35 Ill. 2d 520, 530, 221 N.E.2d 499, 505 (1966).) As our supreme court stated the rule in an early case:

> "[W]here a higher and more atrocious crime fully embraces all of the ingredients of a lesser offense, and when the evidence requires it, the jury may convict of the latter. Where, to convict of the higher offense, the prosecutor must prove every fact necessary to constitute the smaller offense, together with the additional facts which make it the higher offense, before he can have a conviction, then the jury, if the facts warrant it, may convict of the less offense." *Prindiville v. People,* 42 Ill. 217, 220-21 (1866); see also *People v. King,* 34 Ill. 2d 199, 215 N.E.2d 223 (1966); *People v. Shoemaker,* 31 Ill. App. 3d 724, 334 N.E.2d 347 (5th Dist. 1975); *People v. Lyons,* 26 Ill. App. 3d 193, 324 N.E.2d 677 (5th Dist. 1974), *cert. denied,* 423 U.S. 1036, 46 L. Ed. 2d 410, 96 S. Ct. 570, (1975); *People v. Higgins,* 86 Ill. App. 2d 202, 229 N.E.2d 161 (5th Dist. 1967).

As this court recently elaborated:

> "[A] lesser included offense, sometimes referred to as a 'necessarily included offense,' is one composed of some, but not all of the elements of the greater offense, and which does not have any element not included in the greater offense [citation.] so that it is impossible to commit the greater offense without necessarily committing the lesser offense. [Citations.]" *People v. Delk,* 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209 (5th Dist. 1976).

A conviction of a lesser offense cannot stand where the defendant was indicted only for a greater offense which does not contain all the elements of the lesser offense. *People v. Shoemaker,* 31 Ill. App. 3d 724, 725, 334 N.E.2d 347, 348 (5th Dist. 1975).

■■ It is possible to commit theft without necessarily committing criminal trespass to a vehicle. To prove the offense of theft, the State need not prove every element required to prove the offense of criminal trespass to a vehicle: specifically, theft does not require proof of defendant's knowing, unauthorized entry into the vehicle of another. (Compare Ill. Rev. Stat. 1975, ch. 38, pars. 21—2 and 16—1(a)(1).) The indictment in the instant case charged that "defendant did knowingly exert unauthorized control" over another's truck with the intent permanently to deprive the owner of its use or benefit. To convict of this charge, the State would not

be required to prove that defendant entered the vehicle or that at the time the defendant entered the vehicle he knew his entry was unauthorized. Defendant could have been convicted of theft even though his initial entry into the vehicle was entirely innocent. He could not, however, be convicted of criminal trespass to a vehicle under such circumstances. See, e.g., *People v. Owes*, 5 Ill. App. 3d 936, 284 N.E.2d 465 (1st Dist. 1972); *cf. People v. Gee*, 18 Ill. App. 3d 1058, 310 N.E.2d 662 (4th Dist. 1974).

The State concedes here that criminal trespass to a vehicle is not a lesser included offense of theft, but urges that defendant is estopped from raising the issue on appeal because he tendered an issues instruction on criminal trespass. We cannot agree.

In support of its position, the State cites the case of *People v. Morgan*, 40 Ill. App. 3d 711, 352 N.E.2d 444 (5th Dist. 1976). There defendant challenged the sufficiency of an indictment charging her with robbery to support her conviction for theft. At trial, however, she herself had tendered the lesser included offense instructions and verdict forms on theft given to the jury by the trial court. We held that under those circumstances defendant was estopped from arguing for the first time on appeal that theft is not a lesser included offense of robbery. Citing *People v. Gilmore*, 63 Ill. 2d 23, 344 N.E.2d 456 (1976), we reasoned that:

> "* * * [N]o violation of due process occurs by holding defendant estopped from raising her contention. She does not and could not argue surprise by the jury's consideration of theft as a lesser included offense to robbery. Indeed, this was precisely what defendant intended as a part of her defense. In addition, her theft conviction does stand as a bar to future prosecution arising out of the same conduct since proof thereof may be had by resort to the record. [Citations.]
>
> Assuming, *ad arguendo*, that error was committed, defendant is in no position to complain of the error she secured and to seek to profit from it. [Citations.] To hold otherwise would have the effect of encouraging defendants to introduce error into their trials in order to obtain reversals upon conviction. * * *" 40 Ill. App. 3d 711, 715, 352 N.E.2d 444, 447.

Defendant in the instant case stands in quite a different posture. At the instructions conference, defendant objected strenuously to the State's instructions which informed the jury that the offense of theft includes the offense of criminal trespass to a vehicle, and defined the latter offense in the words of the statute. Defense counsel stated his objection as follows:

> "* * * I object to the giving of this instruction with the lesser included offense on the grounds that one of the elements is that the defendant must enter the vehicle * * * the Court well knows that a person can exercise unauthorized control without entering a

vehicle, consequently, the elements of this offense are different from the elements of theft. * * * It is my position that entering is not an element of theft because unauthorized control could be done in different ways. You could hook up a wrecker to a car and pull it off, and that is unauthorized control. There is no entry involved at all."

■■ Only after the court overruled his objections to these instructions did defense counsel tender his instruction setting forth the propositions that must be proved to sustain the charge of criminal trespass to a vehicle. We agree with defendant that this instruction was necessary if the jury were to be properly instructed as to the elements of the offense, and we think that the situation confronted by defendant here is distinguishable from that in *Morgan*. Defendant's strenuous and explicit objection at trial to the State's proferred instructions on criminal trespass, and his allegation of error in this regard in his post-trial motion, were sufficient to preserve this issue for review. We therefore hold that the court below erred in instructing the jury that criminal trespass to a vehicle is an included offense of theft.

For the foregoing reasons, the judgment of the Circuit Court of Union County is reversed.

Reversed.

CARTER, P. J., and JONES, J., concur.