THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RAY PATTON, Defendant-Appellant.

Third District    No. 77-65

Opinion filed June 7, 1978.

STENGEL, P. J., dissenting.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Ray Patton, was charged with the offenses of robbery and theft. After a jury trial in the circuit court of Peoria County he was found guilty of both offenses, but judgment of conviction and sentence of imprisonment of from 1 to 6 years was imposed only on the robbery offense.

On this appeal the defendant argues the evidence presented is sufficient only to support the conviction of theft and insufficient to support the conviction of robbery.

On June 27, 1976, Rita Alexander and her husband and children were on their way to church about 5:25 p.m. As they were walking toward the church, Mrs. Alexander noticed a man coming the opposite direction on the sidewalk toward her. Just as this man came along side her, he grabbed her purse and ran. Mrs. Alexander had been carrying her purse in her finger tips down at her left side. The man grabbed the purse very quickly

and it threw her arm back "a little bit." She did not remember how much her arm was moved. Although the offender was chased he was not caught at the time.

The defendant was identified as the offender although at the trial, the defendant denied the charge and claimed the offender was another person who looked like him and who was with him in the area of the church. On this appeal no questions are raised concerning the sufficiency of the evidence to identify the defendant as the offender.

At the close of the People's case, at the close of all the evidence, and at the conference on jury instructions, defendant insisted that the evidence of force was insufficient to support the charge and conviction of robbery. The trial court rejected the defendant's theory during the course of the proceedings and again denied defendant's motion for a new trial renewing such assertions. According to section 18—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 18—1(a)):

> "(a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."

The sole question is whether the victim's property was taken with the use of force within the meaning of the statute. More particularly the question is whether the purse snatching incident constitutes such force, it being conceded there is no other evidence of force or intimidation. At this juncture it would be well to note that our statute recognizes theft from the person as a more serious offense than theft and a less serious offense than robbery. A theft not from the person of property valued at less than $150 is a Class A misdemeanor (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(e)(1)). Theft from the person even where the property is of a value of less than $150 is punishable as a Class 3 felony (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(e)(3)). Robbery is of course a Class 2 felony. (Ill. Rev. Stat. 1975, ch. 38, par. 18—1(b).) The essential difference between robbery and theft is the absence of use of force or intimidation in the latter. By increasing the penalty for theft of property from the person the statute recognizes that thefts from the person are more serious than ordinary thefts even though the absence of force or intimidation is still a distinguishing characteristic of the offense.

The character of the conduct involved in this case is commonly referred to as a "snatching" offense. Both parties concede that the issue of whether purse snatching is robbery has not been directly passed upon by the courts of review in this State. However, the subject has been mentioned as dicta in several Illinois decisions which suggest Illinois courts favor the majority view and would hold that the force incident to a snatch without more does not include the requisite force required by the statute.

67 Am. Jur. 2d *Robbery* §28 (1973); Annot., 42 A.L.R.3d 1381, 1383 (1972).

In *People v. Ryan*, 239 Ill. 410, 88 N.E. 170, the charge was assault with intent to commit robbery, now attempt robbery. The court held the evidence insufficient to support the conviction where the defendant withdrew the victim's stick pin from his tie, but then dropped the pin after the victim grabbed the defendant's hand causing the defendant to flee without the pin. The court held that force incident to the removal of the stick pin was not sufficient to constitute robbery and hence the evidence did not support the conviction of assault to commit robbery. The court in *Ryan* observed:

> "If the taking is by actual violence causing a substantial injury to the person, such as grabbing a hand-bag from a lady's arm with such force that the arm is bruised and lame for several days, it will be robbery." (239 Ill. 410, 412-13, 88 N.E. 170, 171.)

The court in *Ryan* then goes on to say:

> "* * * [I]f there is no resistance by the owner or injury to his person, and the taking is without force or violence, it does not amount to robbery." 239 Ill. 410, 413, 88 N.E. 170, 171.

The People concede that the language and result in *People v. Ryan*, 239 Ill. 410, 88 N.E. 170, as applied to the facts of this case, is inconsistent with their position that any force no matter how slight or of whatever character is sufficient to constitute the force which is an element of the robbery offense. The People suggest that the language in *Ryan* being dicta should not be followed or applied to the facts of this case. The *Ryan* case is the closest case on its facts to those presented in the instant appeal and we believe it should be followed since the opinion finds support in other Illinois decisions. (See *People v. Campbell*, 234 Ill. 391, 84 N.E. 1035, and *Klein v. People*, 113 Ill. 596.) If any force no matter how slight fulfils the requirement contemplated by the robbery statute then even the force necessary to overcome the resistance of friction or gravity which connects property to a person would be sufficient to elevate the offense to that of robbery. Such force would be present even in those cases where the offender does or seeks to exert such force and remove the property without the victim being aware of it. Force or intimidation which is directed at overcoming the will or resistance of the victim is substantially different in quality from that employed in the overcoming of the force which connects the property to the victim. In the usual purse snatching case the only force employed counters the force used to grasp the purse, which is of a different dimension than that contemplated by the robbery statute.

In *People v. Williams*, 23 Ill. 2d 295, 301, 178 N.E.2d 372, 375, the court observed:

"The gist of that offense is the force and intimidation used in the taking from the person against his will (*People v. Cassidy*, 394 Ill. 245); and the degree of force necessary to constitute robbery must be such that the power of the owner to retain his property is overcome, either by actual violence physically applied, or by putting him in such fear as to overpower his will. (*Hall v. People*, 171 Ill. 540; *People v. Ryan*, 239 Ill. 410; *Steward v. People*, 224 Ill. 434.) * * *."

In *People v. Chambliss*, 69 Ill. App. 2d 459, 217 N.E.2d 422, the court implies that "snatching" does not include sufficient force to constitute robbery. However, the implication is dicta since the circumstances which occurred after the snatch of the wallet involved a violent struggle to regain possession of the wallet and resulted in the victim's leg being broken.

In *People v. Williams*, 23 Ill. 2d 295, 301, 178 N.E.2d 372, 376, the court declared:

"Where it is doubtful under the facts whether the accused is guilty of robbery or larceny from the person, it is the duty of the court and the jury to resolve that doubt in favor of the lesser offense. *Hall v. People*, 171 Ill. 540, 49 N.E. 495."

No cases have been called to our attention where a snatching offense was held to be robbery. There are Illinois cases involving snatching offenses where the defendants were convicted of larceny or theft. While such cases do not involve the sufficiency of force issue they are illustrative of how the offense has been viewed. In *People v. Jackson*, 66 Ill. App. 2d 276, 214 N.E.2d 316, the defendant was charged with robbery and theft from the person, but found guilty only of theft from the person. In *People v. Cox*, 20 Ill. 2d 458, 170 N.E.2d 531, the defendant was found guilty of larceny from the person and in *People v. Morgan*, 40 Ill. App. 3d 711, 352 N.E.2d 444, the defendant was charged with robbery, but found guilty only of the lesser included offense of theft.

■■■ Based on the foregoing analysis it is our conclusion that the force which is incident to a snatching offense is not in and of itself sufficient to support the charge and conviction of robbery. Of course if force is employed to injure the victim or a struggle ensues to overcome the active resistance of the victim to avoid the loss of his property, the offense is robbery. The facts disclosed by this record, which are substantially uncontradicted, do not show any force or intimidation at overcoming the will of the victim and certainly no resistance on the victim's part.

For the foregoing reasons the judgment and sentence of the circuit court of Peoria County for the offense of robbery are reversed. This cause is remanded with directions that the court enter a judgment of conviction

for the offense of theft from the person pursuant to the jury's verdict and that the defendant be resentenced for the offense of theft from the person.

Reversed and remanded with directions.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE STENGEL, dissenting:

I disagree with both the reasoning employed and the result reached in this case. The majority concedes that the issue here raised has not been considered by any court of review in this State and that the foreign jurisdictions which have considered the issue are divided. Nevertheless, rather than considering the policies underlying the distinction between theft and robbery, the majority assembles dicta from a number of factually disparate and dissimilar cases and concludes that "Illinois courts favor the majority view and would hold that the force incident to a snatch without more does not include the requisite force required by the [robbery] statute." I do not believe the decisions cited in the majority opinion support that proposition.

Although the cited cases do contain some dicta indicating that force incident to a "snatch" is not sufficient to constitute robbery, those very same cases contain other statements indicating a directly contrary conclusion. For example, the majority cites *People v. Campbell* (1908), 234 Ill. 391, 84 N.E. 1035, as standing for the proposition that the amount of force involved in a "snatch" is insufficient to support a robbery conviction. Yet, the court in that case stated, "In the absence of active opposition, if the article is so attached to the person or clothes as to create *resistance, however slight,* or if there be a struggle to keep it, the taking is robbery." (Emphasis added.) (234 Ill. 391, 393.) This passage supports the State's contention that use of any amount of force is sufficient to constitute robbery.

Similarly, the majority argues that the court in *People v. Chambliss* (1st Dist. 1966), 69 Ill. App. 2d 459, 217 N.E.2d 422, "implied" that purse snatching does not include sufficient force to charge robbery. Yet, the court in *Chambliss* quoted with approval the "resistance, however slight" rule as enunciated in *Campbell.* Even the case most heavily relied upon by the majority, *People v. Ryan* (1909), 239 Ill. 410, 88 N.E. 170, is obviously distinguishable from the present case. The *Ryan* court stated that the defendant's attempt to remove the victim's tie stud was solely by means of "stealth and adroitness," a newspaper being cleverly manipulated in such a way as to allow removal of the stud without the victim's knowledge. In the case at bar, the victim was clearly aware of defendant's attempt to take her purse. Speed and superior strength were

used by the defendant herein to force the victim's purse from her grasp. My point, however, is not to suggest that these cases indicate that Illinois courts have favored the view that force incident to a "snatch" is sufficient to constitute robbery. Rather, my point is that the question here presented has not been decided by any court in this State, and we are remiss to base our decision on a conglomeration of ambiguous dicta from factually dissimilar cases. Instead, I believe we should look to the policy underlying the distinction between theft and robbery and decide on that basis whether the act here committed should constitute one or the other.

The majority seems to believe that the distinction between theft and robbery should be made on a quantitative basis. That is, the majority indicates that there is some magic quantity of force which transforms theft into robbery. I do not think the distinction is properly drawn in this manner. Rather, I believe the distinction should be drawn on the basis of the quality and nature of the defendant's act. As the *Ryan* court suggests, we should distinguish between the thief who uses stealth and adroitness to take the victim's property without his knowledge and the thief who openly confronts his victim and then overpowers the victim's will by superior strength or speed. This distinction is not intended to reward the more clever criminal, but is intended to punish more severely the criminal who exhibits a willingness to use force which might cause injury to his victim. This distinction is based on simple common sense. As the drafters of the American Law Institute Model Penal Code recognized:

> "The ordinary citizen feels himself able to guard against surreptitious larceny * * * to some extent, by his own wits or caution. But he abhors * * * [the robber whose] hardihood * * * enables him to carry out his purpose in the presence of his victim and over his opposition." ALI Model Penal Code §222.1, Comments (Tent. Draft No. 11 1960).

In *Ryan*, the defendant attempted to stealthily remove the victim's property without disturbing or even being acknowledged by the victim. The court there concluded that the defendant's act was not of such a nature to constitute robbery, and I would agree. Similarly, in *Hall v. People* (1898), 171 Ill. 540, 49 N.E. 495, the defendant made no attempt to overpower the will of his victim. Rather, the defendant attempted to remove the wallet of the sleeping victim without even causing him to awaken. The nature of the act was not of the type likely to cause injury to the victim, and the robbery conviction was properly reversed.

However, in the present case more is involved that a mere stealthy taking where the victim has no present realization of the theft. The defendant here did not attempt to surreptitiously remove the victim's purse leaving her undisturbed and unaware. On the contrary, the defendant came directly up to his victim, grabbed her purse and by a

combination of strength and speed, physically overpowered her, throwing her arm back and forcing her to release her grip on the purse. Unlike the criminal conduct in *Ryan* and *Hall*, the conduct here involved defendant's willingness to use physical force to obtain possession of his victim's purse against her will. It is conduct which clearly gives rise to the possibility of physical injury to the victim.

Moreover, the defendant's act in this case could be construed as conduct which threatens the imminent use of force. Section 18—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1963, ch. 38, par. 18—1(a)) codified the previous law in Illinois on robbery and no change was intended. "Threatening the imminent use of force" was substituted for "intimidation," which was used in the old statute, ch. 38, par. 501, prior to 1963, as more accurately reflecting this element of the offense as stated by the court in *People v. Bodkin* (1922), 304 Ill. 124, 136 N.E. 494. See Ill. Ann. Stat., ch. 38, par. 18—1(a), Committee Comments (Smith-Hurd 1963).

The phrase "by threatening the imminent use of force" as used in our statute I believe, by any reasonable interpretation, means that a "snatching" can be robbery if the fact be attended with such circumstances of terror, by word or gesture, as in common experience are likely to create an apprehension of danger and induce a lady to part with her purse for the safety of her person.

In the present case, there is no question that the victim could have been injured by the defendant's act, nor should there be any doubt she was in fear. Although she was not injured, if the lady had had a slightly better grip on her purse, or if the defendant had slightly misjudged his grab at the purse, we could easily have a victim whose arm was "bruised and lame for several days." Many purse snatchings, of course, do result in serious injuries to the victim. The majority tells us that we should distinguish between theft and robbery essentially on the "luck of the grab," the fortuitous circumstance of lack of injury to the victim. I do not agree. I believe the distinction should be based on the defendant's willingness to use physical force or violence to overcome the victim's will with the attendant possibility that the victim could be injured by the defendant's act. In the present case there was sufficient evidence for the jury to determine that defendant's act was of such a nature, and I see no reason to disturb that determination. Defendant's conviction for robbery should be affirmed.