THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HENRY EVANS, Defendant-Appellant.

First District (1st Division)    No. 79-1068

Opinion filed August 18, 1980.

James J. Doherty, Public Defender, of Chicago (John Lanahan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Bruce Rose, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE O'CONNOR  delivered the opinion of the court:
Defendant Henry Evans was charged with the offenses of robbery and theft. (Ill. Rev. Stat. 1977, ch. 38, pars. 18—1, 16—1.) Following a

bench trial, defendant was acquitted of robbery and theft but found guilty of assault as a lesser included offense of the robbery charge and sentenced to 30 days' periodic imprisonment. Defendant appeals contending that assault is not a lesser included offense of robbery and that he was not proved guilty beyond a reasonable doubt.

On July 28, 1978, at about 8 p.m., Mary Guzan, a clerk at the Jewel Food Store located at 2303 North Clark Street, Chicago, observed a man later identified as defendant walking through a check-out line where no attendant was stationed. Guzan was about 15 feet away behind the service desk. Defendant had groceries in a cart and walked through the check-out line without stopping.

Guzan shouted to Gregory Fricks, a service clerk, to stop defendant because he was leaving without paying for groceries. Defendant picked up the groceries and Fricks followed him. As Fricks approached defendant and reached to take the groceries, defendant said, "Get away from me or I will cut you." Fricks backed away and along with Guzan followed defendant outside the store.

Defendant continued backing away and repeated several times, "Get away from me or I will cut you." While saying this he held his right hand at his waistband. Fricks remained some distance away but followed defendant to his car. Defendant entered his car and locked all the doors. At this point, Fricks and several customers tried to open the hood of the car to prevent defendant's escape. They failed and defendant drove away. However, Fricks observed the license number, ran into the store and wrote the number on a piece of paper.

The Chicago Police Department conducted a license plate check and learned that the plate was assigned to Robert Drummer of 1010 North St. Louis Street. Defendant was confronted by the police at this address and indicated that the car belonged to his roommate, Robert Drummer, and that he occasionally drove Drummer's car. Defendant was then arrested.

Both Guzan and Fricks identified defendant at a pretrial lineup and at trial as the man who left Jewel and threatened Fricks.

Defendant moved for a directed verdict of acquittal on all charges. That motion was granted as to theft and defendant was later acquitted on the robbery charge. However, the trial court found defendant was guilty of assault as a lesser included offense of robbery.

■■ Defendant was indicted for the offense of robbery. Indictment for a particular offense serves as an indictment for all included offenses even though the latter are not specifically set forth in the indictment. *People v. Chism* (1978), 65 Ill. App. 3d 33, 382 N.E.2d 377.

At issue then is whether assault is a lesser included offense of robbery. Section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 2—9) states:

" 'Included offense' means an offense which (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, * * *."

As stated in *People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209:

"For an offense to be a lesser offense, and included within another, greater offense, it is necessary that the greater offense include every element of the lesser offense plus one or more other elements. [Citations.] To say this another way, a lesser included offense, sometimes referred to as a 'necessarily included offense,' is one composed of some, but not all of the elements of the greater offense, and which does not have any element not included in the greater offense [citations], so that it is impossible to commit the greater offense without necessarily committing the lesser offense. [Citations.]"

In Illinois robbery is the taking of property from a person or from his presence by the use of force or threatened use of imminent force. (Ill. Rev. Stat. 1977, ch. 38, par. 18—1.) Assault is defined as unlawfully placing another in the reasonable apprehension of receiving a battery. Ill. Rev. Stat. 1977, ch. 38, par. 12—1.

■■ The State contends that defendant is estopped from raising the issue of assault as a lesser included offense of robbery because defense counsel stated, "If there is anything, there may be some type of assault." Our review of the record convinces us that this was a passing reference made during argument on defendant's motion for a directed verdict of acquittal on robbery. Moreover, defendant opposed the theory that an assault conviction was proper prior to the trial court's ruling. Accordingly, estoppel is not applicable. Compare *People v. Morgan* (1976), 40 Ill. App. 3d 711, 352 N.E.2d 444, *cert. denied* (1977), 431 U.S. 930, 53 L. Ed. 2d 246, 97 S. Ct. 2635, with *People v. Rainbolt* (1977), 52 Ill. App. 3d 374, 367 N.E.2d 293.

■■ The State further contends that defendant has waived the assault issue. This argument is without merit because in the instant bench trial the issue was brought to the court's attention by defense counsel's argument (see *People v. Larsen* (1977), 47 Ill. App. 3d 9, 361 N.E.2d 713, *aff'd* (1979), 74 Ill. 2d 348), and the court had an opportunity to resolve the issue. In any event, since defendant's conviction rests upon the premise that assault is a lesser included offense of robbery, the plain-error doctrine under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)) requires that we review this issue.

Defendant argues that a robbery may be committed without an assault also taking place; rather it may occur when a battery takes place.

The State concedes that it must be "impossible to commit the greater offense without necessarily committing the lesser offense" (*People v. Delk* (1976), 36 Ill. App. 3d 1027, 1044, 345 N.E.2d 197), and that a robbery may occur when a battery and not an assault occurs. However, the State asserts that this doctrine "be applied with caution" because robbery is a disjunctive crime. One may commit a robbery either with force alone, by threat of force alone, or both together. The State maintains that the disjunctive elements of robbery should be viewed separately. It submits that the proper question is whether one can ever commit a robbery by threat of force without also committing an assault.

■■ We do not agree. For defendant to be convicted of an offense on an information charging robbery, that offense must be a necessary element of *every* robbery. (*People v. Rainbolt* (1977), 52 Ill. App. 3d 374, 367 N.E.2d 293.) Assault is simply not an element of every robbery. Moreover, it is possible to commit robbery without committing assault. See, *e.g., People v. Campbell* (1908), 234 Ill. 391, 84 N.E. 1035; *People v. Chambliss* (1966), 69 Ill. App. 2d 459, 217 N.E.2d 422 (one can commit a robbery by force without the victim perceiving the threat of force—*i.e.*, sleeping victim, victim with back turned).

According to the State's "disjunctive" logic, both assault and battery must be lesser included offenses of robbery. Our research and the efforts of the parties have discovered only one case on point. In *People v. Robinson* (1979), 68 Ill. App. 3d 687, 691, 386 N.E.2d 165, the fourth district stated:

> "We do not conceive of all the elements of assault and aggravated assault as being within the orbit of those necessary for armed robbery. Proof of a reasonable apprehension of receiving a battery is required for conviction of aggravated assault but no such element is included within the greater offense of armed robbery. Doubtless such element may be inherently present in many armed robberies, but it is not an element required to be specifically proved."

■■ We hold, therefore, that assault is not a lesser included offense of robbery. Accordingly, we need not address defendant's reasonable doubt argument. For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

GOLDBERG, P. J., and McGLOON, J., concur.