THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUBEN VASQUEZ, Defendant-Appellant.

First District (3rd Division)    No. 80-3184

Opinion filed June 30, 1981.

---

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Daniel E. Jordan, Assistant State's Attorneys, of counsel), for the People.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant, Ruben Vasquez, was charged with the offenses of burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1) and aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)). In a bench trial the trial court directed a finding of not guilty on the charge of aggravated battery. The defendant was found guilty of criminal damage to property as a lesser included offense of the burglary charge and sentenced to a term of 364 days. On appeal, the defendant contends that his conviction must be reversed because criminal damage to property is not a lesser included offense of burglary.

The indictment for a particular offense serves as an indictment for all included offenses even though the latter are not specifically set forth in the indictment. (*People v. Evans* (1980), 87 Ill. App. 3d 714, 409 N.E.2d 562.) An included offense is an offense which "[i]s established by proof of the same or less than all the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1979, ch. 38, par. 2—9(a).) In *People v. Kimble* (1980), 90 Ill. App. 3d 999, 414 N.E.2d 135, this court explained that if an offense requires the existence of a fact or mental state that is different or greater than that which is required to establish the commission of the offense charged, then the offense is not an included offense of the offense charged.

■■ We agree with the defendant that criminal damage to property is not an included offense of the offense charged, burglary. A person commits the offense of criminal damage to property when he knowingly damages any property of another without his consent. (Ill. Rev. Stat. 1979, ch. 38, par. 21—1(a).) However, there is no requirement of damage to property in the offense of burglary. A person commits the offense of burglary when without authority he knowingly enters a building with the intent to commit therein a felony or theft. (Ill. Rev. Stat. 1979, ch. 38, par. 19—(a).) The crime of burglary is complete at the time of the entry with the requisite intent. Criminal damage to property need not accompany this entry.

■■ A conviction of a lesser offense cannot stand where the defendant was indicted only for a greater offense which does not contain all the elements of the offense of which the defendant was convicted. (*People v. Rainbolt* (1977), 52 Ill. App. 3d 374, 367 N.E.2d 293.) To permit such a conviction would contravene the law of this State, which provides that no person shall be convicted of an offense which he has not been charged with having committed. *People v. Kimble*.

For this reason, the judgment of the Circuit Court of Cook County is hereby reversed.

Reversed.

RIZZI, P. J., and McNAMARA, J., concur.